**Rasheed JAVERI and Abdul Wahid Abdullah Muhammad, Plaintiffs,**

v.

**Jacqueline McMICKENS, Commissioner of Corrections, Thomas W. Murray, Warden of HDM, Iman Waheed, Institutional Chaplain HDM, Jose Del Valle, Senior Cook HDM, Barbara E. Dunkel, Esq. Counsel BOC, Defendants.**

**No. 86 Civ. 4146 (EW).**

United States District Court,
S.D. New York.

May 14, 1987.

Rasheed Javeri and Abdul Wahid Abdullah Muhammad, pro se.

Peter L. Zimroth, Corp. Counsel of City of New York, New York City, for McMickens, Murray, Del Valle and Dunkel; Suzanne L. Bailey, of counsel.

OPINION

EDWARD WEINFELD, District Judge.

Plaintiffs, Rasheed Javeri and Abdul Wahid Abdullah Muhammad, indigent prisoners formerly incarcerated at the House of Detention for Men ("HDM") seek assignment of counsel to assist in pressing their claims that they have been discriminated against because of their religion.

Plaintiff Muhammad has over the past two years filed four separate actions in this Court complaining about how followers of the Nation of Islam religion are treated at HDM. Plaintiff Javeri is a co-plaintiff in two of these actions. All four actions were consolidated by order of this Court dated April 21, 1987. The various claims in the actions allege that: 1) their Halal food is not prepared in accordance with Muslim law, and is in fact prepared in the same pots used to cook pork; 2) inmates without honestly held religious beliefs in the Nation of Islam faith receive Halal food cards, and

get on the Halal food line whenever an undesirable meal is being served to the general prison population, thereby depriving Muslims of food; 3) Muslims are required to wait at least 30 minutes on line for their food, while the general prison population is served right away; and 4) a gymnasium provided to the Muslims as their house of worship is filthy, and the prison guards throw cigarette butts on the floor and tease the Muslims during religious services.

 The application for assignment of counsel is granted for several reasons. First, plaintiffs raise an issue of substance concerning the preparation of their food in pots used to cook pork, a meat forbidden to Muslims. In *Burgin v. Henderson*, 536 F.2d 501 (2d Cir.1976), our Court of Appeals held that a Muslim prisoner's complaint, alleging that prison rules requiring him to shave his beard violated his right to the free exercise of his religion, could not be dismissed absent an evidentiary hearing. More recently, in *Fromer v. Scully*, 817 F.2d 227 (2d Cir.1987), the Court of Appeals held that it was unconstitutional to apply a prison's hair-trimming rules to an Orthodox Jewish prisoner whose sincerely held beliefs dictated that his beard could not be shaved. Prisoners do not lose the right to practice their religion when the prison gate closes behind them. *Cruz v. Beto*, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972) (per curiam); *Moskowitz v. Wilkinson*, 432 F.Supp. 947, 948 (D.Conn.1977).

This litigation will proceed much more smoothly if counsel is assigned. To the extent factual investigation is necessary to determine the prison's method of preparing and serving Halal food, an attorney's assistance will be helpful. Applying the factors discussed in *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir.1986), the assignment of counsel is warranted.

The application is granted.

So ordered.