**Abdul Wahid Abdullah MUHAMMAD, Plaintiff,**

v.

**Jacqueline McMICKENS, Former Commissioner, New York City Board of Corrections and Present Vice Chairperson, New York City Housing Authority; Thomas W. Murray, Warden of HDM; and the City of New York, Defendants.**

Nos. 86 Civ. 3374 (KC), 86 Civ. 4146 (KC), 86 Civ. 8834 (KC) and 87 Civ. 1098 (KC).

United States District Court, S.D. New York.

March 29, 1989.

Morgan, Bagg & Persons, Mount Vernon, N.Y., for plaintiff; William E. Penny, of counsel.

Peter L. Zimroth, Corp. Counsel for City of New York, for defendants; Ronald P. Younkins, Suzanne Bailey, of counsel.

## OPINION AND ORDER

CONBOY, District Judge:

This is a consolidated action[1] brought pursuant to 42 U.S.C. § 1983. Plaintiff

---

**1.** By order of the late Honorable Edward Weinfeld, dated April 21, 1987, three actions pending before Judge Weinfeld and one action then pending before Judge Leval, were consolidated

Abdul Wahid Abdullah Muhammad, a/k/a Norman Davis, ("Muhammad"), a former inmate in the New York City Department of Correction system, alleges that defendants, the former Commissioner of the Department, the former warden of the House of Detention for Men on Rikers Island ("HDM") and the City of New York ("the City"), violated his right under the First and Fourteenth Amendments to the United States Constitution to the free exercise of his Muslim faith by (1) failing to prepare his food, called Halal, in a manner consistent with the dictates of his Muslim religion, (2) depriving plaintiff of a Halal meal on one occasion, allegedly due to a failure to properly control the issuance of Muslim I.D. cards, such that non-Muslims were able to get on the Halal food line whenever an undesirable meal is being served to the general prison population, and (3) requiring the Muslim population to hold their religious services in a dirty gymnasium while the area around the room designated as the "Official Mosque for Muslim inmates" underwent construction.

Judge Weinfeld[2] granted the plaintiff's application for the assignment of counsel made before the complaint was amended as he determined that the plaintiff's allegations were substantial in nature. *Javeri and Muhammad v. McMickens et al.*, 660 F.Supp. 325, 326 (S.D.N.Y.1987). On their summary judgment motion, the defendants have submitted documentary evidence in their attempt to establish that the plaintiff cannot prove the essential elements of his case: that his alleged injuries were caused by a municipal policy or practice, and that there is a causal link between any of the defendants' conduct and the alleged constitutional violations. In opposition to the motion, plaintiff, through his counsel, did not submit a memorandum of law in opposition. He instead filed only a statement pursuant to Local Rule 3(g) of the Civil

Rules of the Southern and Eastern Districts of New York. There was no documentary evidence appended to this statement, nor were there any affidavits submitted. In the statement, plaintiff did not dispute most of the defendants' factual contentions; he took issue with only four statements of fact, three of which are not germane to the issues to be decided.

## ANALYSIS

Fed.R.Civ.P. 56 permits either the claimant or the defending party to make a motion for summary judgment. Rule 56(c) allows summary judgment to be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." Where the opposing party will bear the burden of proof at trial on a dispositive issue, "a summary judgment motion will be properly made and supported where the movant relies solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265. There is no requirement that the moving party who does not bear the burden of proof at trial negate the non-movant's claim; rather, the movant must show that the nonmovant cannot prove an essential element of its case. *Id.; Edwards v. City of New York*, 692 F.Supp. 1579, 1582 (S.D.N.Y.1988). When a motion is made and supported as provided in Rule 56(c), the non-moving party may not rest upon the mere allegations or denials of the non-moving party's pleadings but must come forward with affidavits, or other competent evidence as set out in the rule, and desig-

under 86 Civ. 3374(EW). Muhammad was a plaintiff in all four actions and Rasheed Javeri was a co-plaintiff in two of the actions. The parties then stipulated that an amended complaint encompassing the consolidated actions would be filed and that the defendants would then move to dismiss or file an amended answer 20 days thereafter. It appears that Javeri lost interest in the litigation since the Amended

Complaint, filed Sept. 22, 1987, lists only Muhammad as plaintiff. Furthermore, the Amended Complaint names only certain of the defendants named in the original complaints.

**2.** After Judge Weinfeld's death, this case was transferred to me.

nate "specific facts showing that there is a genuine issue for trial. If the adversary does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Fed.R.Civ.P. 56(e); *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553.

In addition, Local Rule 3(g) requires the moving party to submit a "separate short and concise statement of the material facts to be tried as to which the moving party contends there is no genuine issue to be tried." The opposing party must submit a responsive statement which sets forth the material facts which the opponent contends present triable issues. Local Rule 3(g). All uncontroverted material facts set forth by the movant are deemed admitted. *Id.*

Plaintiff here has the burden at trial of proving the essential elements of his case. In order to state a cause of action against a municipality, its agencies, or its officers under 42 U.S.C. § 1983, plaintiff must establish that his alleged injuries were caused by a municipal policy or practice, express or implied, and that there is a causal link between any of the defendants' conduct and the alleged constitutional violations. *Monell v. Department of Social Services*, 436 U.S. 658, 690–94, 98 S.Ct. 2018, 2035–38, 56 L.Ed.2d 611 (1978); *see Batista v. Rodriguez*, 702 F.2d 393, 397–98 (2d Cir.1983). The defendants have attempted to demonstrate that the plaintiff cannot prove that there existed a municipal policy violative of his constitutional rights with respect to the three specifications of alleged wrongdoing by prison authorities. Plaintiff, then, had the burden to come forward and show that he can prove the elements of his cause of action. Plaintiff has not satisfied his burden with regard to the second and third claims enumerated above. Genuine issues of fact remain, however, as to the first claim that his food was not prepared in accordance with his religious dictates.

■ With regard to the second and third claims, the plaintiff seeks to hold the Commissioner or the City liable for the single instances of missing one meal or praying one time in unsanitary surroundings. It is well settled that an allegation of a single act of constitutional deprivation will not invoke municipal liability "unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy which policy can be attributed to a municipal policymaker." *Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24, 105 S.Ct. 2427, 2436, 85 L.Ed.2d 791 (1985) (plurality opinion); *Dodd v. City of Norwich*, 827 F.2d 1, 5 (2d Cir.1987); *see Batista*, 702 F.2d at 397. Defendants, through their evidence, have demonstrated that there were no municipal policies in existence at the time of the complained of incidents that sought to deprive him of his right to his Halal meal or to make him pray in unclean surroundings. Plaintiff has not satisfied his burden of coming forward and showing that such policies existed, as demonstrated by the utter absence of any substantive evidence submitted in opposition to the motion. Furthermore, he may not rely on his amended complaint which contains conclusory, unsworn allegations that the defendants "had personal knowledge of the constitutionally offensive acts" he described in the complaint and that the "decisions, actions, or omissions of the defendants ... in failing to take remedial steps to assure plaintiff of his [constitutional right to free exercise of religion] amounted to gross negligence, deliberate indifference, and/or tacit authorization rising to the level of custom or policy of the known constitutional deprivations of the plaintiff." Amended Complaint ¶¶ 17–18. Moreover, assuming arguendo that he had been able to show such policies, he has not established that he can demonstrate a causal link between the policy and the alleged constitutional violations. *Monell*, 436 U.S. at 694, 98 S.Ct. at 2037–38; *Sarus v. Rotundo*, 831 F.2d 397, 402 (2d Cir.1987); *Batista*, 702 F.2d at 397.

Therefore, plaintiff's conclusory assertions, without any proof whatsoever, do not raise a genuine issue of fact so as to preclude a grant of summary judgment with respect to these claims. *United States v. Potamkin Cadillac Corp.*, 689 F.2d 379, 381 (2d Cir.1982). Accordingly, defendants are granted summary judgment with respect to the plaintiff's second and third claims that he was denied his Halal meal

one time and that, on one occasion, he and the rest of the Muslim population were required to hold their religious services in an unsanitary gymnasium.

] As to the plaintiff's first claim, that his meals were not prepared in a manner consistent with the dictates of his religion, looking at the evidence, the grievance filed with the prison authorities and the institutional responses thereto, and resolving all ambiguities and drawing all inferences against the moving party, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–49, 106 S.Ct. 2505, 2509–11, 91 L.Ed.2d 202; *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir.1986), I conclude that genuine issues of fact remain which preclude the grant of summary judgment. Specifically, questions remain as to whether during the period of plaintiff's incarceration on Rikers Island between March of 1984 and May of 1986, plaintiff's religious dietary obligations were sufficiently accommodated by the defendants' implementation of Departmental Directive # 3250.

Accordingly, summary judgment is denied at this time on the plaintiff's first claim and granted in the defendant's favor on the second and third claims. Counsel for the parties are directed to appear for a pre-trial conference at 4:15 p.m. on April 13, 1989.

SO ORDERED.