XIU MING WANG, Petitioner,

v.

Alberto R. GONZALES,[1] Attorney General of the United States, Respondent.

No. 03–4951–AG NAC.

United States Court of Appeals, Second Circuit.

Dec. 1, 2005.

---

1. Pursuant to Federal Rule of Appellate Pro-

cedure 43(c)(2), Attorney General Alberto R.

Karen Jaffe, New York, New York, for Petitioner.

David Kelly, United States Attorney, Jennifer Wright, Assistant United States, Attorney for the District of Maryland, for Respondent.

PRESENT: LEVAL, KATZMANN, and WESLEY, Circuit Judges.

### AMENDED SUMMARY ORDER

Xiu Ming Wang petitions for review of the April 29, 2003 decision of the Board of Immigration Appeals ("BIA") summarily affirming an Immigration Judge's ("IJ's") determination that Wang had filed a frivolous asylum claim under 8 U.S.C. § 1158(d)(6). Although Wang also petitions for review of his claims for asylum, withholding and CAT relief, Wang did not raise these issues on appeal to the BIA. We presume the parties' familiarity with the underlying facts, the procedural history, and the scope of the issues presented on appeal.

Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

## A. Exhaustion and Waiver

The doctrine of exhaustion of administrative remedies requires a party to "pursue all possible relief within the deciding agency before seeking federal judicial review of an unfavorable administrative decision." *Theodoropoulos v. INS*, 313 F.3d 732, 736 (2d Cir.2002) (*citing Howell v. INS*, 72 F.3d 288, 291 (2d Cir.1995)). The requirement of administrative exhaustion can be imposed either statutorily, in which case it is mandatory and jurisdictional, or judicially, in which case it is discretionary and includes a number of exceptions. *See Beharry v. Ashcroft*, 329 F.3d 51, 56–59 (2d Cir.2003). Exhaustion of administrative remedies is statutorily required for aliens challenging final orders of removal. *See* 8 U.S.C. § 1252(d)(1). Furthermore, issues not argued in briefs are considered waived and will not normally be addressed on appeal. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir.1998).

■■■ On appeal to the BIA, Wang did not argue that the IJ had improperly denied him asylum, withholding, or CAT relief. Instead, Wang only argued that the IJ's finding that Wang filed a frivolous asylum claim should be overturned. This Court, therefore, lacks jurisdiction to review Wang's claims for asylum, withholding, and CAT relief because Wang did not exhaust his remedies before the BIA, a requirement for this Court to have jurisdiction to review a final order of removal. *See* 8 U.S.C. § 1252(d)(1). In addition, because Wang does not argue on appeal to this Court that the IJ's frivolous determination should reversed, a challenge to that finding is considered waived. *See Norton v. Sam's Club*, 145 F.3d at 117.

## B. Deficiencies in Petitioner's Brief

Federal Rule of Appellate Procedure 28(a) requires that an appellant's brief include, *inter alia*, a jurisdictional statement; a statement of the case describing lower court proceedings and dispositions below; a statement of the facts relevant to the issues on review with citations to the record; a summary of the argument, which should not merely repeat the argument; and an argument containing appellant's contentions, the reasons for them, and applicable standards of review. Fed. R.App. P. 28(a)(4), (6), (7), (8), (9). These are mandatory requirements. *Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 112 (2d Cir.1999) (per curiam).

■■■ The brief filed by petitioner's counsel, Karen Jaffe, fails to comply with the rules above. Counsel's jurisdictional statement fails to recognize that petitioner did not raise any issues brought up in the brief before the BIA, and therefore did not exhaust his remedies. Counsel's statement of the case simply states that the IJ found petitioner's claim frivolous. There is no summary of the IJ's reasoning regarding either credibility or the material elements of petitioner's claim. Counsel also does not cite to the record once in her brief. Finally, the argument merely states that the petitioner testified consistently, thereby establishing past persecution and a presumption of well-founded fear of future persecution. Counsel's argument is conclusory, never actually applies the law to the specific facts of petitioner's claim, and fails to comply with Federal Rule of Appellate Procedure 28(a).

For the foregoing reasons, the petition for review is DENIED and the pending motion for stay of removal is also DENIED.