**Shou Qing LIU, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**[1]

No. 03–40331–AG.

United States Court of Appeals,
Second Circuit.

Dec. 7, 2005.

Karen Jaffe, New York, New York, for Petitioner.

Matthew G. Whitaker, United States Attorney, Gary L. Hayward, Assistant United States Attorney, Des Moines, Iowa, for Respondent.

PRESENT: CARDAMONE, KATZMANN, and B.D. PARKER, Circuit Judges.

SUMMARY ORDER

Shou Qing Liu petitions for review of the July 24, 2003 decision of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ's") final order of removal, but reversing the IJ's finding that petitioner filed a frivolous asylum claim under 8 U.S.C. § 1158(d)(6). We presume the parties' familiarity with the underlying facts, the procedural history, and the scope of the issues presented on appeal.

A. Analysis

Where, as here, the BIA issues a short opinion affirming the IJ's decision, in part, and modifying it, in part, this Court reviews the IJ's opinion as modified by the BIA. *See Yang v. DOJ*, 426 F.3d 520, 522 (2d Cir.2005). This Court then reviews

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as Respondent.

the IJ's factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Zhang,* 386 F.3d at 74 (quoting *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003)). Inconsistent testimony often bears a legitimate nexus to an adverse credibility finding, but it need not be fatal if it is minor and isolated, and the testimony is otherwise generally consistent, rational, and believable. *Diallo v. INS,* 232 F.3d 279, 288 (2d Cir.2000). Lack of corroborating evidence may also bear on credibility, but it cannot form the sole basis for an adverse credibility determination. *See id.* at 287. Finally, while we afford "particular deference" to an adverse credibility determination, *Zhang,* 386 F.3d at 73, that determination will not satisfy the substantial evidence standard if it is based on flawed reasoning, such as speculation or conjecture, *Secaida–Rosales,* 331 F.3d at 307, 312.

Here, the IJ cites specific, cogent reasons to support his adverse credibility finding. The great inconsistency between the dates of Liu's conception and abortion she cited in her testimony versus her written application undermines her credibility given that her asylum claim is based on her alleged abortion. The IJ offered Liu the chance to explain these inconsistencies but she failed to offer any explanation. Liu was unable to offer any specific testimony as to why she feared returning to China or why she did not want to return to the hospital after her abortion. She was

also unable to describe any encounter with government officials other than the time she was taken to the hospital, although she alleges she was taken by government officials four or five times. Liu's explanation that she had supporting evidence at her home showed that this evidence was reasonably available to her. She could have offered to submit that evidence to the IJ before he issued a decision, but failed to do so. She presented no further evidence on which to find fear of future persecution or torture.

## B. Deficiencies in Petitioner's Brief

Federal Rule of Appellate Procedure 28(a) requires that an appellant's brief include, *inter alia,* a statement of the case describing lower court proceedings and dispositions below; a statement of the facts relevant to the issues on review with citations to the record; a summary of the argument, which should not merely repeat the argument; and an argument containing appellant's contentions, the reasons for them, and applicable standards of review. Fed. R.App. P. 28(a)(6), (7), (8), (9). These are mandatory requirements. *Ernst Haas Studio, Inc. v. Palm Press, Inc.,* 164 F.3d 110, 112 (2d Cir.1999) (per curiam).

The brief filed by petitioner's counsel, Karen Jaffe, fails to comply with these rules. Counsel's statement of the case gives an over-simplified version of the facts and omits important elements of petitioner's claim, including the fact that she claimed to have fled China when she was under orders to have an IUD inserted. There is no summary of the IJ's reasoning regarding either credibility or the material elements of Liu's asylum claim. The summary of the argument merely cites rules on credibility assessments and burdens of proof. The argument then cites the BIA's precedent on claims for asylum based on forced sterilization, adding the conclusory statement that the BIA's opinion in Liu's case contradicts those prior decisions.

There is no application of law to fact whatever, and the brief thereby fails to comply with Federal Rule of Appellate Procedure 28(a).

This Court notes that Liu's appeal is not the first to present such a brief by Ms. Jaffe.[2] Counsel has repeatedly failed to be an effective advocate for her clients. Counsel should be aware that her continued failure to comply with the Federal Rules of Appellate Procedure could result in discipline. *See* Fed. R.App. P. 46(b), (c).

For the foregoing reasons, the petition for review is DENIED and the outstanding motion for a stay of removal is likewise DENIED.

**2.** *See, e.g., Chen v. Ashcroft,* No. 03–40039–ag (Argued Dec. 2, 2005, RJC, PNL, RDS); *Wang v. Ashcroft,* No. 03–4951–ag (NAC Panel B, Oct. 31, 2005, RAK, PNL, RCW).

