**Xian Gui CHEN, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

No. 04–1954–AG.

United States Court of Appeals, Second Circuit.

Dec. 8, 2005.

Karen Jaffe, New York, New York, for Petitioner.

Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, (Varuni Nelson, Sarah Lum, Assistant United States Attorneys, on the brief), Brooklyn, New York, for Respondent.

PRESENT: KEARSE, STRAUB, and SOTOMAYOR, Circuit Judges.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Alberto R. Gonzales is automatically substituted for his predecessor as a respondent in this case.

## SUMMARY ORDER

Xian Gui Chen petitions for review of the BIA's April 6, 2004 order affirming the decision of an Immigration Judge ("IJ") that rejected Chen's claims for asylum and withholding of removal. Chen alleges that he and his wife were persecuted because of their opposition to China's coercive population policies. The IJ found Chen not credible. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

The Court reviews the IJ's and BIA's findings of fact, including adverse credibility findings, under the substantial evidence standard. We will vacate findings that are based on flawed reasoning, misunderstanding of evidence, or erroneous legal standards. See Secaida–Rosales v. INS, 331 F.3d 297, 307 (2d Cir.2003). We will not reverse a finding unless a reasonable adjudicator would be compelled by the evidence to reach a conclusion contrary to that reached by the IJ. See 8 U.S.C. § 1252(b)(4)(B). Questions of law and the application of law to fact are reviewed de novo. See Secaida–Rosales, 331 F.3d at 307.

The BIA's first reason for its adverse credibility finding was the inconsistency between Chen's testimony that his wife was never sterilized and the document which Chen claimed was a dismissal letter from his work unit, which states that his wife was forcibly sterilized. This inconsistency was a reasonable basis for an adverse credibility finding.

The BIA also pointed to the lack of detail surrounding the alleged forced abortion of Chen's wife. Although the forced abortion lies at the heart of Chen's claim, the agency's findings here are based on impermissible speculation that a nurse who had undergone a forced sterilization would be more inclined to discuss the details of the procedure with her husband than would a woman who did not have medical training. See Secaida–Rosales, 331 F.3d at 307, 312. In fact, the trauma of a forced abortion might well cause any wife to avoid discussing any details with her husband.

The BIA also cited the lack of corroboration concerning the purported dismissal of Chen's wife from her job. The affidavit by Chen's wife did not mention her dismissal for violating family planning policies and Chen testified that, although his wife received a mailed notice of her dismissal, she did not keep a copy of it. Inasmuch as the dismissal of Chen's wife is directly related to Chen's alleged refusal to undergo sterilization, the BIA's finding is an appropriate reason for finding Chen not credible.

The BIA further found implausible Chen's testimony that while allegedly in hiding because he had fought with government officials who sought to sterilize him, Chen had sought medical treatment at the same government hospital where his wife had been forcibly aborted and where he was to be sterilized. The BIA's finding here is also a permissible basis for finding Chen not credible.

We feel obligated, however, to note our serious concerns about the quality of representation provided by the petitioner's attorney. The brief filed by counsel gives only the most cursory presentation of the facts, the IJ's decision and her client's argument on appeal. It even omits important elements of her client's petition. We also note that counsel's practices may be part of a pattern evidenced in other cases, including Chang Zhao Chen v. Ashcroft, No. 03–40039–ag, and Xiu Ming Wang v. Ashcroft, No. 03–4951–ag. We admonish counsel to follow the briefing requirements imposed pursuant to Federal Rule of Appellate Procedure 28(a)(6)-(9), and we remind her of her professional duty to pro-

vide quality representation to her clients. Continuing conduct of this nature could subject counsel to sanctions by this court.

In this case, the BIA's adverse credibility determination is supported by substantial evidence. Therefore, the petition for review is DENIED and the stay of removal previously granted in this petition is VACATED.