**Wan Qin LIN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General for the United States, Respondent.**

**No. 04–2175–AG.**

United States Court of Appeals, Second Circuit.

Dec. 12, 2005.

Karen Jaffe, New York, New York, for Petitioner.

Gretchen C.F. Shappert, United States Attorney for the Western District of North Carolina, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Respondent.

Present: NEWMAN, RAGGI, and WESLEY, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is hereby DENIED.

Wan Qin Lin, through counsel, petitions for review of the BIA decision denying his motion to reopen his immigration proceedings. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the BIA's denial of either a motion to reconsider or a motion to reopen for abuse of discretion. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir. 2005) (internal citations omitted) An abuse of discretion will be found "in those circumstances where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary conclusions or statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner." *Zhao v. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

The BIA denied Lin's motion because it exceeded the numerical limits, was untimely and did not fall within any of the exceptions provided in 8 C.F.R. § 1003.2(c)(3). The BIA did not abuse its discretion in denying Lin's motion on these grounds. There is no dispute that Lin had already filed a motion to reopen in 1999 and only his second motion, filed in 2004, is on appeal to this Court.

The regulations state that an individual can file only one motion to reopen. 8 C.F.R. § 1003.2(c)(2). The only exception that could be relevant in this case is the "changed circumstances" exception. In his motion to reopen, Lin only asserts that his case should be reopened because his wife gave birth to their third child; he does not claim that the Chinese government has changed how it enforces the coercive family planning policy. This Court has already held that a change in an individual's personal circumstances does not qualify under this exception; rather, an individual must demonstrate that the country conditions have changed. *Li Yong Zheng v. U.S. Dep't of Justice,* 416 F.3d 129, 130–31 (2d Cir.2005).

Moreover, motions to reopen must be filed within 90 days after the final order of removal is entered. 8 C.F.R. § 1003.2(c)(2). Lin still would have been able to file a motion to reopen under 8 C.F.R. § 1003.2(c)(3) if he fell into one of the exceptions provided for untimely filings. However, as previously discussed, the only exception that could have been applicable is the changed circumstances exception. Given this Court's decision in *Li Yong Zheng*, 416 F.3d at 130–31, Lin's change in personal circumstances does not qualify for the exception. Therefore, the BIA did not abuse its discretion in denying Lin's motion to reopen.

Although we deny Lin's petition on the merits, we note another concern raised by counsel's performance on appeal. Federal Rule of Appellate Procedure 28(a) requires that an appellant's brief include, *inter alia*, a statement of the case describing lower court proceedings and dispositions below; a statement of the facts relevant to the issues on review with citations to the record; a summary of the argument, which should not merely repeat the argument; and an argument containing appellant's contentions, the reasons for them, and applicable standards of review. Fed. R.App. P. 28(a)(6), (7), (8), (9). These are mandatory requirements. *Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 112 (2d Cir.1999) (per curiam).

The brief filed by petitioner's counsel fails to comply with the above rules. Counsel's statement of the case gives an over-simplified version of the facts. There is no summary of the BIA's reasoning regarding the denial of Lin's motion to reopen. The summary of the argument cites rules regarding well-founded fear findings, which is not even the issue on appeal. Moreover, the summary of argument and argument sections fail to address specifically the BIA's finding that Lin's motion to reopen exceeded the numerical limitations and was untimely. Most of the argument section discusses the standards for asylum, not motions to reopen. The gender of the petitioner changes regularly throughout the argument section. The brief thus fails to comply with Federal Rule of Appellate Procedure 28(a).

This Court notes that Lin's appeal is not the first to present such a brief by Ms. Jaffe.[1] Counsel has repeatedly failed to be an effective advocate for her clients. Counsel is cautioned that her continued failure to comply with the Federal Rules of Appellate Procedure could result in discipline. *See* Fed. R.App. P. 46(b)-(c).

Accordingly, the petition is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

---

1. *See e.g., Chang Zhao Chen v. Ashcroft*, No. 03–40039–ag (NAC Panel B, November 14, 2005, RAK, RJC, BDP); *Xiu Ming Wang v. Ashcroft*, No. 03–4951–ag (NAC Panel B, October 31, 2005, RAK, PNL, RCW).