**JIN QIU ZHENG, Petitioner,**

**v.**

Alberto R. GONZALES,[1] Respondent.

No. 03–40530–AG NAC.

United States Court of Appeals, Second Circuit.

Dec. 22, 2005.

Karen Jaffe, New York, New York, for Petitioner.

Todd P. Graves, United States Attorney for the Western District of Missouri, Jeffrey P. Ray, Assistant United States Attorney, Kansas City, Missouri, for Respondent.

1.  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for for-

PRESENT: Hon. JON O. NEWMAN, Hon. RICHARD C. WESLEY, and Hon. PETER W. HALL, Circuit Judges.

SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 22nd day of December, two thousand and five.

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals' ("BIA's") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review be DENIED.

Jin Qiu Zheng petitions for review of the BIA's decision affirming an immigration judge's ("IJ's") final order of removal. We presume the parties' familiarity with the underlying facts, the procedural history, and the scope of the issues presented on appeal.

**A.  Claim for Asylum and Withholding of Removal**

The IJ found that Zheng had not established a "nexus" between his alleged persecution and a protected ground and found instead that threats from Chinese authorities were rather based on concerns of criminal activity. An asylum applicant must show that he or she has suffered past persecution, or has a well-founded fear of future persecution, on account of race, religion, nationality, membership in a particular social group, or political opinion. *See* 8 U.S.C. § 1101(a)(42). An applicant does not need to show the exact motivation for the persecutor's actions so long as the actions were motivated at least in part by one of the enumerated grounds. *Matter of*

mer Attorney General John Ashcroft as a respondent in this case.

*S–P–*, 21 I. & N. Dec. 486, 495, 1996 WL 422990 (BIA 1996).

Here, Zheng never claims that Chinese authorities prevented him from building a Buddhist temple or practicing Buddhism on account of the fact that he was Buddhist. Zheng stated throughout his asylum application and testimony that authorities sought to arrest him and prevent him from building the temple because they feared he was defrauding other villagers and because his mother was denied a permit to build. In his petition for review, Zheng's counsel simply argues that the IJ's adverse credibility finding was incorrect and, in conclusory fashion, that Zheng was "denied his right to practice religious beliefs." Thus, no nexus is established between Zheng's religious beliefs and his claim to be threatened with arrest for collecting money for a temple.

## B. Waiver of CAT Claim

Zheng failed to raise his claim for CAT relief in his brief to this Court, and it is therefore deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1 (2d Cir.2005).

## C. Deficiencies in Petitioner's Brief

Federal Rule of Appellate Procedure 28(a) requires that an appellant's brief include, among other things, the basis for the court's jurisdiction, a statement of the case describing lower court proceedings and dispositions below, a summary of the argument (which should not merely repeat the full argument), and an argument containing appellant's contentions, the reasons for them, and applicable standards of review. Fed. R.App. P. 28(a)(6), (8), (9). These are mandatory requirements. *Ernst Haas Studio, Inc. v. Palm Press, Inc.,* 164 F.3d 110, 112 (2d Cir.1999) (per curiam).

The brief filed by petitioner's counsel, Karen Jaffe, fails to comply with the rules above. Counsel's statement of the case fails to summarize the IJ's reasoning regarding either credibility or the material elements of petitioner's claim. *See* Fed. R.App. P. 28(a)(6). The argument section is shorter than counsel's summary of it. Furthermore, the summary only argues that the IJ erred in his adverse credibility finding, despite the fact that the IJ also denied Zheng's asylum claim on the separate ground that Zheng failed to establish a nexus between the harm he feared and a protected ground as well as his failure to show that the harm he feared constituted persecution. *See* Fed. R.App. P. 28(a)(8). The argument then states simply that Zheng would be denied the right to practice his religious beliefs without citing any law or explaining in what way Zheng would be persecuted. *See* Fed. R.App. P. 28(a) (9). Counsel's petition for review therefore fails to comply with Federal Rule of Appellate Procedure 28(a).

This Court notes that petitioner Zheng's appeal is not the first to present such a brief by Ms. Jaffe. Counsel has failed to be an effective advocate for her clients. Counsel is warned that her continued failure to comply with the Rules of Appellate Procedure could result in discipline or sanctions. *See* Fed. R.App. P. 38, 46(b), (c).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).