**Chang Zhao CHEN, Petitioner,**

v.

**Alberto R. GONZALES,\* Respondent.**

**Docket No. 03–40039–AG.**

United States Court of Appeals,
Second Circuit.

Jan. 6, 2006.

Karen Jaffe, New York, NY, for Petitioner.

Thomas B. Thompson, Assistant United States Attorney, Lafayette, LA (Donald W. Washington, United States Attorney for the Western District of Louisiana, Lafayette, LA), for Respondent.

Present: Hon. RICHARD J. CARDAMONE, Hon. PIERRE N. LEVAL, and Hon. ROBERT D. SACK, Circuit Judges.

**SUMMARY ORDER**

**UPON DUE CONSIDERATION** of this petition for review of the order of the Board of Immigration Appeals (BIA), it is hereby **ORDERED, ADJUDGED AND DECREED** that the petition for review is **DENIED.**

Chang Zhao Chen petitions for review of the June 2003 order of the BIA affirming the decision of the Immigration Judge (IJ) to deny his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Familiarity with the facts and procedural history of the case is presumed.

Chen contends the IJ incorrectly found that he had failed to meet the standards for asylum, withholding of removal, and CAT relief and that the IJ's decision was based on her own subjective standards and speculation. We review the IJ's factual findings under the substantial evidence

---

\* Attorney General Alberto R. Gonzales is substituted for former Attorney General John Ashcroft as Respondent. *See* Fed. R.App. P. 43(c)(2).

standard. *See, e.g., Melgar de Torres v. Reno*, 191 F.3d 307, 312 (2d Cir.1999). Such findings must be upheld if they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole," and we will reverse the immigration court's ruling "only if a reasonable fact-finder would have to conclude otherwise." *Id.* at 312–13. Moreover, we may also remand a case where the agency's decision is undermined by sufficiently serious errors. *See Tian–Yong Chen v. INS*, 359 F.3d 121, 127 (2d Cir.2004).

We find that substantial evidence supports the IJ's adverse credibility determination as to Chen. We note that although the IJ's comments strongly indicated that she had made an adverse credibility finding as to Chen, she never explicitly so stated, as required by *Diallo v. INS*, 232 F.3d 279, 290 (2d Cir.2000). However, because Chen did not raise this issue before the BIA or this Court and has instead argued only the merits of the IJ's implicit adverse credibility finding, we deem this issue waived. *See, e.g., Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir.1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). The IJ identified "serious implausibilities" in Chen's account of his wife's forced sterilization, such as the fact that Chen did not leave China until nine years after the allegedly forced sterilization of his wife, as well as the fact that the birth of his second child was registered with the authorities at a time when Chen and his wife were allegedly trying to hide the existence of this second child. The IJ also noted that Chen had not provided any evidence from his wife, such as an affidavit, indicating that her sterilization was in fact forced. Taken together, these factors convince us that a reasonable adjudicator would not have been compelled to conclude that Chen provided a credible account of persecution. *See Zhang v. INS*, 386 F.3d 66, 77–78 (2d Cir.2004). Additionally, we have found no significant flaw in the agency's analysis that requires a remand. Therefore, we affirm the BIA's denial of Chen's asylum claim.

With respect to his withholding of removal and CAT claims, because Chen failed to mention them in his appellate brief, they are deemed waived. *See Norton*, 145 F.3d at 117; *see also Qiu v. Ashcroft*, 329 F.3d 140, 156 (2d Cir.2003).

One of the reasons this appeal was placed on the regular argument calendar was to warn counsel for petitioner, Karen Jaffe, about her continuing failure to comply with the Federal Rules of Appellate Procedure, specifically Rule 28(a), which mandates certain statement requirements that must be included in an appellate brief. In this case, counsel's statement of the facts contains only one citation to the record, while the Federal Rules of Appellate Procedure require that "appropriate *references*" to the record be made throughout the statement of facts. Fed. R.App. P. 28(a)(7) (emphasis added). Counsel did not describe the proceedings before the IJ and the BIA even though the rules require her brief to include "a statement of the case briefly indicating the nature of the case, the course of the proceedings, and the disposition below." Fed. R.App. P. 28(a)(6). The summary of the argument is longer than the argument itself, which constitutes only one page. The brief notes, without explanation, that Chen's testimony was consistent and that the IJ relied on the IJ's own subjective standards and speculation in making her decision. The argument, in conclusory fashion, simply states that through the forced sterilization

of his wife, Chen established past persecution and a presumption of future persecution. Rule 28 requires the argument to contain "appellant's contentions *and the reasons for them.*" Fed. R.App. P. 28(a)(9)(A) (emphasis added). Counsel failed to apply the law to the facts of her client's case.

The above discussion illustrates some of counsel's failures in this case where counsel failed to comply with the procedural rules and made a cursory and unfocused effort in her client's appeal. The records of this Court reveal at least nine prior instances of such failure. *See, e.g., Xiu Ming Wang v. Gonzales,* 156 Fed.Appx. 395, 397 (2d Cir.2005); *Shou Qing Liu v. Gonzales,* 157 Fed.Appx. 403, 404–05 (2d Cir.2005). Counsel has been warned before, both in our orders and in this Court at oral argument. This serves as notice to counsel that any future failure to comply with the Rules of Appellate Procedure will result in sanctions being imposed against her. *See* Fed. R.App. P. 46(b), (c).

For the foregoing reasons, the petition for review is **DENIED** and the outstanding motion for a stay of removal is likewise **DENIED.**