13-1123(L)
*Watkins v. Smith*, et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 1st day of April, two thousand fourteen.

Present:      ROBERT A. KATZMANN,
                    *Chief Judge*,
              ROBERT D. SACK,
                    *Circuit Judge*,
              JED S. RAKOFF,
                    *District Judge.**

_____

KEVIN WATKINS,

     *Plaintiff-Appellant*,

ANIL TANEJA, ANDRE RAMON SOLEIL,

     *Appellants*,

     - v. -                                                        Nos. 13-1123(L),
                                                                         13-2356(con)

DEREK SMITH, ADRIANE EISEN, BRYAN S.
ARCÉ, WILLIAM K. PHILLIPS, ISMAIL S.
SEKENDIZ, LAURIE E. MORRISON, ZAFER E.
AKIN, MARJORIE MESIDOR, DEREK T. SMITH
LAW GROUP, P.C., ARCÉ LAW GROUP, P.C.,
PHILLIPS & PHILLIPS, JESSICA DUGUE,

_____

* The Honorable Jed S. Rakoff of the Southern District of New York is sitting by designation.

1

*Defendants-Appellees.*

| | |
|---|---|
| For Plaintiff-Appellant: | KEVIN WATSON, *pro se*, (Anil Taneja, *on the brief*), New York, N.Y. |
| For Appellants: | ANIL TANEJA, New York, N.Y. |
| For Defendants-Appellees Derek Smith, Adriene Eisen, Bryan S. Arcé, Ismail S. Sekendiz, Laurie E. Morrison, Zafer E. Akin, Derek T. Smith Law Group, P.C., Arcé Law Group, P.C., Jessica Dugue: | W. GORDON KAUPP (Bryan Arcé, *on the brief*), Arcé Law Group, P.C., New York, N.Y. |
| For Defendants- Appellees William K. Phillips, Marjorie Mesidor, Phillips & Phillips, P.C., | Jesse C. Rose, The Rose Law Group, LLC, New York, N.Y. |

Appeal from the United States District Court for the Southern District of New York (Cote, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,**

and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

In this consolidated case, Plaintiff-Appellant Kevin Watkins and Appellants Anil Taneja and Andre Ramon Soleil appeal from multiple judgments and orders entered by the United States District Court for the Southern District of New York (Cote, *J.*), including orders (1) vacating the clerk's certification of default; (2) dismissing the plaintiff's amended complaint; (3) imposing sanctions on the plaintiff's attorneys, Taneja and Soleil; and (4) denying the plaintiff's motion for recusal. The plaintiff also challenges a number of other orders entered throughout the course of the proceedings and contests the denial of at least two motions that he voluntarily withdrew. The defendants-appellees who are, on appeal, represented by the Arcé Law Group, P.C. (hereinafter the "Arcé Defendants-Appellees") have moved for sanctions to be imposed on Watkins and Taneja based on the frivolousness of the instant appeal.

2

We affirm the orders and judgments of the district court for the reasons stated by the district court in its multiple thorough and well-explained opinions and oral rulings. Regarding Plaintiff-Appellant's arguments related to the motion to disqualify counsel and the motion to consolidate, we deem those challenges waived since both motions were voluntarily withdrawn below.

As for the plaintiff's motion for recusal, the fact that Plaintiff-Appellant and Appellants were unhappy with the district court's legal rulings and other case management decisions is not a basis for recusal, and under no circumstances justifies the utterly unsubstantiated allegations of racial and economic prejudice, dishonesty, senility, and fraud lodged against the district court. *See In re Int'l Bus. Machs. Corp.*, 618 F.2d 923, 927 (2d Cir. 1980) (" 'The alleged bias and prejudice to be disqualifying [under 28 U.S.C.§ 455] must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge has learned from his participation in the case.' ") (quoting *United States v. Grinnell Corp*., 384 U.S. 563, 583 (1966)). Nor can we find any justification for the similar allegations that the plaintiff and his counsel lodged, throughout the proceedings below, against many of the defendants-appellees.

Against this backdrop, we turn to the Arcé Defendants-Appellees' motion for sanctions to be imposed on Taneja and Watkins. The Arcé Defendants-Appellees seek sanctions principally under Federal Rule of Appellate Procedure 38, which provides that "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Such "sanctions may include the granting of reasonable attorneys' fees to the party forced to defend the frivolous appeal." *In re 60 E. 80th St. Equities, Inc*., 218 F.3d 109, 118–19 (2d Cir. 2000) (internal quotation marks omitted). While "it is rare that a case will

3

warrant sanctions under Rule 38," *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 180 (2d Cir. 2012) (per curiam), it is appropriate if the appeal is "patently frivolous." *Ransmeier v. Mariani*, 718 F.3d 64, 68 (2d Cir. 2013).[1] The Arcé Defendants-Appellees argue that the instant appeal is patently frivolous and, for the reasons explained below, we agree.

On appeal, Plaintiff-Appellant and Appellants have urged us to rule on seventeen questions, not one of which is supported by argumentation that has even "the slightest chance of success." *United States v. Potamkin Cadillac Corp.* 689 F.2d 379, 382 (2d Cir. 1982) (per curiam) (internal quotation marks omitted). Indeed, their briefs are "totally lacking in merit, framed with no relevant supporting law, conclusory in nature, and utterly unsupported by the evidence." *Id*. at 381. They are nearly barren of citations and devoid of any relevant authority. In at least one case, the very same authority that is cited disproves the argument and Watkins has even appealed the denial of a motion that he voluntarily withdrew. In addition, the plaintiff and his counsel have continued their troubling practice of supporting their arguments with unsubstantiated ad hominem attacks against other members of the bar and the judiciary rather than legal authority or facts.

Accordingly, we find the appeal so frivolous as to warrant the imposition of sanctions under Rule 38 and therefore grant the Arcé Defendants-Appellees' motion. We impose sanctions on Taneja and Watkins jointly and severally in the amount of the Arcé Defendants-Appellees' costs and attorneys' fees. *See Gallop v. Cheney*, 642 F.3d 364, 370 n.3 (2d Cir. 2011) ("[S]ince attorney and client are in the best position between them to determine who caused this appeal to be taken, the prudent course for this Court is to impose joint and several liability.") (internal

---

[1] In a letter dated January 24, 2014, the Court wrote to Taneja to invite him to file a letter-brief in response to the Arcé Defendants-Appellees' request for sanctions.

quotation marks omitted).  We find the imposition of single costs sufficient and therefore deny the motion insofar as it requests double costs.

We have considered Plaintiff-Appellant's and Appellants' remaining arguments and find that they are without merit.  Accordingly, the judgment of the district court hereby is

**AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK