23-90040-am
In re Attorney Grievance Complaint Filed by Harris

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of June, two thousand twenty-three.

PRESENT:
>           José A. Cabranes,
>           Richard C. Wesley,
>           Myrna Pérez,
>                     *Circuit Judges.*

---

| | |
|---|---|
| **In re Attorney Grievance Complaint Filed by David Harris.** | **23-90040-am**<br><br>**ORDER OF GRIEVANCE PANEL** |

---

David Harris has submitted an attorney grievance complaint to this Court, alleging that an attorney involved in Harris's recent appeal, *Harris v. American Accounting Association*, 2d Cir. 22-811, engaged in misconduct in the course of that appeal.  The appeal concluded in April 2023, when this Court affirmed the district court's dismissal of Harris's action but reversed the district court's award of attorney's fees and costs against Harris.  *See Harris*, 2d Cir. 22-811, doc. 141 (summary order).

Harris already moved in his appeal for sanctions to be imposed against the attorney now at issue, which the merits panel denied. *See id.*, doc. 137 (motion for sanctions), doc. 159 (order denying sanctions). However, Harris now argues that this Court's local rules require such sanctions motions to be decided by this panel—the Court's "Grievance Panel"—and not the merits panel. That argument is based on this Court's Local Rule 46.2(a), which states that "[a]ll attorney grievance and disciplinary matters are initially handled by" the Grievance Panel.

Upon due consideration, it is hereby ORDERED that Harris's request for an investigation by this panel is DENIED and this disciplinary matter is terminated. First, the authority granted to the Grievance Panel under Local Rule 46.2(a) has never been viewed as requiring that all sanctions matters be sent to this panel. To the contrary, other panels of the Court (often referred to as "motions panels" and "merits panels") retain the authority to decide sanctions issues under, for example, 28 U.S.C. § 1927, Federal Rule of Appellate Procedure 38, and the Court's inherent authority. *See, e.g.*, *Watkins v. Smith*, 561 F. App'x 46, 48 (2d Cir. 2014) (granting Rule 38 sanctions). Additionally, although the terms "discipline" and "sanctions" are not defined in the relevant rules, and are on some occasions used interchangeably, this Court has generally treated a disciplinary proceeding as distinct from a request for (or sua sponte consideration of) sanctions in a pending appeal.[1] *See, e.g.*, *Jin Qiu Zheng v. Gonzales*, 163 F. App'x 10, 12 (2d Cir. 2005) ("Counsel is warned that her continued failure to comply with the Rules of Appellate Procedure could result in discipline or sanctions. *See* Fed. R. App. P. 38, 46(b), (c).").

Second, once a motions or merits panel has decided a misconduct issue, the Grievance Panel lacks authority to revisit that decision (except under unusual circumstances not present here). *In re*

---

[1] However, the distinction between "discipline" and "sanctions" does not mean that a motions or merits panel cannot refer a sanctions issue to this panel if it so chooses.

*Payne*, 707 F.3d 195, 205 (2d Cir. 2013).   Third, even if any of Harris's misconduct allegations are not specifically covered by the merits panel's decisions—i.e., the summary order disposing of the merits of the appeal and the order denying Harris's sanctions motion—the misconduct allegations are sufficiently intertwined with the matters decided by the merits panel that it would be inappropriate for this panel to separately address them.   *In re Attorney Grievance Complaint Filed by Peeples*, 842 F. App'x 690, 693 (2d Cir. 2021).   Harris's present misconduct allegations are closely related to both the merits of his appeal and the manner in which the parties' appellate arguments were presented in their briefs and oral argument.   Similar to the situation in *Peeples*, a new disciplinary proceeding before this panel "might conflict with, or unnecessarily duplicate, the factfinding and legal conclusions of the judges who are most familiar with the relevant events"—in this case, the judges who ruled on Harris's appeal. *Id.*

Finally, we note that the above discussion only concerns *this* panel's authority to revisit the misconduct issues that were presented to the merits panel or are intertwined with issues presented to that panel.   We reach no conclusions as to whether any other disciplinary authority can review the matters raised in Harris's attorney grievance complaint.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3

From: david harris <dgharris3@yahoo.com>
Sent: Sunday, June 18, 2023 3:55 PM
To: hlevine@woh.com; John Siffert <JSiffert@lswlaw.com>; dhernandez@cravath.com; SHEILA.BOSTON@ARNOLDPORTER.COM; tmc@connorsllp.com; Leslie.Dubeck@ag.ny.gov; jglasser@wiggin.com

Subject: Re: Attorney grievance in the Second Circuit Court of Appeals

Dear Madams and Sirs:

My name is David Harris and this communication to you is in respect of my case in the Second Circuit Court of Appeals, 22-811. I am a full professor at Syracuse University who has taught Federal Income tax law and legal research for more than 40 years. Though technically Pro Se, I have five college degrees, including a JD and an LLM, and am a previously-licensed attorney of 30 years (in Illinois, until retiring my license to focus on academic research) who has practiced before the IRS, but never represented a client in court, and who has written numerous legal memorandums successfully disputing IRS positions. I have published more than a dozen original research papers in blind, peer-reviewed, national-level law journals, including some based on my LLM dissertation. Another of my publications has been favorably discussed on the floor of Congress.

I apologize if I am contacting you in error, but it is unclear how I am to pursue the matter of my grievance against the opposing attorney in my action, Andrew S. Holland.

Simply put, I filed a motion for sanctions against him (Dkt. 137), which the panel denied (Dkt. 159). However, in examining Local Rule 46.2(a), which states,

Grievance Panel. All attorney grievance and discipline matters are initially handled by a panel of judges, the "Grievance Panel."

I see that my complaint should have been considered "initially" by the Grievance Panel. That is, as the Supreme Court has defined the word "all," it is comprehensive; admitting of no exceptions.

But, my complaint was never acted upon by this panel as far as I have been informed. I am contacting you, because the members of this Grievance Panel and how one contacts them to file a grievance cannot be found on the Second Circuit's website, as far as I can determine. Neither is there a statement as to procedure, such as how a grievance gets to this Panel. I am asking you to assist me in this matter, as I have no idea of whom else to contact.

I've attached a copy of my motion for sanctions, (I do apologize, but have also sent to you a second email with my motion for sanctions attached. However, as some firms' email programs do not allow attachments I am also sending this version.) and have also put the relevant documents on my dropbox website, which are 1) Dkt 137, motion for sanctions, 2) Dkt 149, Mr. Holland's response, 3) Dkt 152, my Reply, 4) Dkt 153, my motion for rehearing, 5) Dkt 159, the Panels denial of the motion for sanctions, and 6) Dkt 165, the denial of my motion for rehearing and en banc review.

The URL for my Dropbox files is: https://www.dropbox.com/sh/wk1isp9dxaky2w1/AABgk5anaBlu9xf3pKdUa2Gha?dl=0 Obviously, you can also retrieve these from Pacer.

My complaint is that Mr. Holland, first, copied unrelated parts of sentences from my Brief and reassembled them in his Brief as if they were connected, and then "interpreted" this fabrication to state a cause of action unrelated to the actual cause of action. His fabrication, as opposed to the actual cause of action, is indefensible. At oral argument, as proved in its audio recording, the Court aggressively asserted that my cause of action was what Mr. Holland falsely wrote, and told me that it was outside of the Court's purview. The Court also said my case was unsupportable for not pleading elements of that imaginary cause of action, when, in fact, my Amended Complaint and Brief was crystal clear as to allegations of the elements of the cause of action actually pled. Also, Mr. Holland quoted NY Court of Appeals decisions in his Brief, omitting parts of the quotation, and then argued that they stood for a proposition that, in fact, was the opposite of exactly what he omitted.

In his verified response, Mr. Holland did not deny any of these allegations. Specifically, he did not deny the charges that: in his papers and at oral argument he lied to the Panel about the cause of action, the facts, and the law, and that the Panel was materially misled by his lies. He did try to excuse his actions, such as by stating that the Panel had all of the original documents and should have realized that he was lying to them.

Mr. Holland also committed similar frauds on the District Court (see Dkt 49-3, Case No. 5:20-cv-01057-MAD-ATB). My motion for sanctions against him before the District Court, which the judge did not allow me to file and did not decide, is also on Dropbox.

Mr. Holland lied repeatedly and egregiously for the simple reason that he had no legitimate defense; if he had such, then he would not have needed to lie. Unfortunately, this is a fact to which no one has paid the slightest heed.

If what Mr. Holland has done is not sanctionable, even by so much as a gentle admonition not to do the same in the future, then, frankly, I have no idea what could be! Any sentient person must realize that his actions have been officially endorsed by the Panel and conclude that there are no rules of legal ethics in this Court.

There is a bright side of sorts to this, no matter anything else. My case in chief deals with plagiarism of my academic research and the damages are my consequent loss of a valuable publication. Mr. Holland's successful frauds on the Panel and the Panel's inexcusable inactions well support another law-journal article, tentatively titled, The So-Called "Ethical" Legal Practices of and before the Second Circuit Court of Appeals. Surely, new lawyers, law professors, and law students, one and all, deserve to learn how the law is actually practiced in this putatively august court.

Sincerely,
Dr. David Harris