23-90040-am
In re Attorney Grievance Complaint Filed by Harris

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of June, two thousand twenty-three.

**PRESENT:**
> **José A. Cabranes,**
> **Richard C. Wesley,**
> **Myrna Pérez,**
> > ***Circuit Judges.***

_____

| | |
|---|---|
| **In re Attorney Grievance Complaint Filed by David Harris.** | **23-90040-am** |
| | **ORDER OF GRIEVANCE PANEL** |

_____

David Harris has submitted an attorney grievance complaint to this Court, alleging that an attorney involved in Harris's recent appeal, *Harris v. American Accounting Association*, 2d Cir. 22-811, engaged in misconduct in the course of that appeal. The appeal concluded in April 2023, when this Court affirmed the district court's dismissal of Harris's action but reversed the district court's award of attorney's fees and costs against Harris. *See Harris*, 2d Cir. 22-811, doc. 141 (summary order).

Harris already moved in his appeal for sanctions to be imposed against the attorney now at issue, which the merits panel denied. *See id.*, doc. 137 (motion for sanctions), doc. 159 (order denying sanctions). However, Harris now argues that this Court's local rules require such sanctions motions to be decided by this panel—the Court's "Grievance Panel"—and not the merits panel. That argument is based on this Court's Local Rule 46.2(a), which states that "[a]ll attorney grievance and disciplinary matters are initially handled by" the Grievance Panel.

Upon due consideration, it is hereby ORDERED that Harris's request for an investigation by this panel is DENIED and this disciplinary matter is terminated. First, the authority granted to the Grievance Panel under Local Rule 46.2(a) has never been viewed as requiring that all sanctions matters be sent to this panel. To the contrary, other panels of the Court (often referred to as "motions panels" and "merits panels") retain the authority to decide sanctions issues under, for example, 28 U.S.C. § 1927, Federal Rule of Appellate Procedure 38, and the Court's inherent authority. *See, e.g.*, *Watkins v. Smith*, 561 F. App'x 46, 48 (2d Cir. 2014) (granting Rule 38 sanctions). Additionally, although the terms "discipline" and "sanctions" are not defined in the relevant rules, and are on some occasions used interchangeably, this Court has generally treated a disciplinary proceeding as distinct from a request for (or sua sponte consideration of) sanctions in a pending appeal.[1] *See, e.g.*, *Jin Qiu Zheng v. Gonzales*, 163 F. App'x 10, 12 (2d Cir. 2005) ("Counsel is warned that her continued failure to comply with the Rules of Appellate Procedure could result in discipline or sanctions. *See* Fed. R. App. P. 38, 46(b), (c).").

Second, once a motions or merits panel has decided a misconduct issue, the Grievance Panel lacks authority to revisit that decision (except under unusual circumstances not present here). *In re*

---

[1] However, the distinction between "discipline" and "sanctions" does not mean that a motions or merits panel cannot refer a sanctions issue to this panel if it so chooses.

*Payne*, 707 F.3d 195, 205 (2d Cir. 2013). Third, even if any of Harris's misconduct allegations are not specifically covered by the merits panel's decisions—i.e., the summary order disposing of the merits of the appeal and the order denying Harris's sanctions motion—the misconduct allegations are sufficiently intertwined with the matters decided by the merits panel that it would be inappropriate for this panel to separately address them. *In re Attorney Grievance Complaint Filed by Peeples*, 842 F. App'x 690, 693 (2d Cir. 2021). Harris's present misconduct allegations are closely related to both the merits of his appeal and the manner in which the parties' appellate arguments were presented in their briefs and oral argument. Similar to the situation in *Peeples*, a new disciplinary proceeding before this panel "might conflict with, or unnecessarily duplicate, the factfinding and legal conclusions of the judges who are most familiar with the relevant events"—in this case, the judges who ruled on Harris's appeal. *Id.*

Finally, we note that the above discussion only concerns *this* panel's authority to revisit the misconduct issues that were presented to the merits panel or are intertwined with issues presented to that panel. We reach no conclusions as to whether any other disciplinary authority can review the matters raised in Harris's attorney grievance complaint.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3