UNITED STATES of America, Plaintiff,

v.

POTAMKIN CADILLAC
CORPORATION,
Defendant.

80 Civ. 5028 (KTD).

United States District Court,
S. D. New York.

Feb. 19, 1982.

John S. Martin, Jr., U.S. Atty., S.D.N.Y., New York City, for the United States of America; Jonathan A. Lindsey, Asst. U.S. Atty., New York City, of counsel.

Philip I. Beane, New York City, for defendant.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

The government moves for summary judgment in this case seeking the imposition of a $39,100 statutory forfeiture for failure to file a financial information form required by the Federal Trade Commission ["F.T.C."] pursuant to 15 U.S.C. §§ 49 and 50.

The undisputed facts show that the defendant is engaged in interstate commerce; that the F.T.C. on February 1, 1980 issued a special order directing the defendant to file a special report, on a F.T.C. form attached to the order, covering the last quarter of 1979; that the order was served on defendant on February 11, 1980; that defendant did not move to quash or limit the order or to obtain an extension of time to do so; that the F.T.C. issued its notice of default to the defendant for failure to file the report; that the defendant actually received the notice of default on March 11, 1980; and that by letter of May 8, 1981, the defendant transmitted a partial report to government counsel which the government deems a filing of the required report. The report was not filed for 391 days after the per day forfeiture began running.

The defendant has alleged in its answer to the complaint that a timely filing had been made but in the letter on May 8, 1981, enclosing the partial report, defense counsel stated "I do not have the specifics of the filing, nor can I tell you which employee filed it . . . I have no cover sheet nor any other items. There is nothing else I can give you on this matter." It is interest-

**332**

ing to note that this partial filing took place only after the first pre-trial conference in this matter. In any event, no genuine issue of fact is created by such an unsubstantiated·surmise or conjecture by the non-movant. *See Nemo v. Allen,* 466 F.Supp. 192, 195 (S.D.N.Y.1980). In its reply papers to this motion it is alleged "As far as Potamkin could tell, the report was timely filed." That is not enough to raise a real question of fact. Furthermore, no where does the defendant allege when the report finally submitted was executed or where it came from. *Cf.* 18 U.S.C. § 1001.

▮ The other defenses raised by the defendant are also unavailing. Contrary to the defendant's assertion, it was required to file the report. The fact that the defendant filed a report after this action was begun does not excuse its failure to do so when it was required—the filing merely cuts off the accumulation of the statutory forfeiture. The last asserted defense is almost an insult to our entire legal system—i.e., demands for reports and forms supplied by the government are confusing. If the defendant was confused by the F.T.C. orders and forms and by the necessity of filing the reports then it could have asked for assistance in comprehending the report requirements or an extension of time in which that understanding could be gained. The sophistry of this argument is shown by the following excerpt from the defendant's submission:

> The reports deal with trade and mining companies. POTAMKIN is certainly not mining company [sic]; the Court may take judicial notice of the fact that the defendant sells automobiles. Likewise, to call it a trade company is hard to conceive, as it is not a trading company, but a company that engages in the selling of automobiles, not in the barter of goods.

(Affidavit of Philip I. Beane, ¶3).

The government's motion is granted. Judgment will enter forthwith.

SO ORDERED.