**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**POTAMKIN CADILLAC CORPORATION,**
**Defendant-Appellant.**

**No. 109, Docket 82–6053.**

United States Court of Appeals,
Second Circuit.

Argued Sept. 1, 1982.

Decided Sept. 22, 1982.

Philip I. Beane, New York City, for defendant-appellant.

Jonathan A. Lindsey, Asst. U. S. Atty., Southern District of New York, New York City (John S. Martin, Jr., U. S. Atty., Southern District of New York, Richard N. Papper, Asst. U. S. Atty., New York City, of counsel), for plaintiff-appellee.

Before LUMBARD, CARDAMONE and WINTER, Circuit Judges.

PER CURIAM:

■ Defendant-appellant Potamkin Cadillac Corporation ("Potamkin") appeals from a grant of summary judgment entered February 19, 1982 in the United States District Court for the Southern District of New York, 533 F.Supp. 331, (Duffy, *Judge*) which found Potamkin liable for failing to file a financial report pursuant to an order of the Federal Trade Commission ("FTC") in violation of 15 U.S.C. § 46(b) (1976) (Section 6 of the Federal Trade Commission Act) and assessed penalties of $100 for each day the report was not filed, 15 U.S.C. § 50 (1976) (Section 10 of the Federal Trade Commission Act), for a total of $39,100. Potamkin requests reversal of Judge Duffy's order and a remand to the District Court for a full evidentiary hearing, asserting that unresolved issues of fact remain. We find this contention utterly without legal merit. Indeed, we find this appeal frivolous within the meaning of Rule 38, Fed.R. App.P. and we assess jointly and severally against Potamkin and its lawyer, Philip I. Beane, Esquire, double costs and $500 in attorney's fees in favor of the Government.

The undisputed facts in this case show that Potamkin is a corporation engaged in interstate commerce; that on February 1, 1980 the FTC issued a special order directing Potamkin to file within 10 days of receipt an informational report covering the last quarter of 1979 on an FTC form attached to the order; that on February 11, 1980 the order was served on Potamkin by registered mail and service was acknowledged; that Potamkin did not move to quash or limit the order or to obtain an extension of time for filing; that the FTC issued a notice of default to Potamkin stating that the statutory penalty of $100 per day would start to run on April 12, 1980; that service of the default notice was acknowledged on March 11, 1980; that this action was brought on September 3, 1980; and that by letter of May 8, 1981 Potamkin sent a partial report to government counsel which was deemed an acceptable filing. The report thus was not filed for 391 days after the statutory penalty began running; of that period, approximately 248 days elapsed after the government's complaint in this case was filed.

■ Throughout these proceedings, Potamkin has claimed that a timely filing was in fact made and the document was lost by the government; alternatively, that Potamkin was not required to file the report in the first place; that it had filed the report

upon receipt of the complaint; or that "all of the documents used in this matter by the government are not clear and concise, and are not readily understandable or decipherable." Potamkin's evidence that the report was filed is an affidavit sworn by its attorney, Philip I. Beane, who concededly lacks personal knowledge, that "[t]o the best of POTAMKIN's knowledge, the report was filed in a timely fashion." The supporting proof is best summed up by a letter from Beane to a government attorney which states, "I do not have the specifics of the filing, nor can I tell you which employee filed it. . . . I have no cover sheet nor any other items. . . . There is nothing else that I can give you on this matter." On the government's motion for summary judgment, Judge Duffy properly ruled that Potamkin's unsupported assertion that it had filed the report did not create a genuine issue of material fact which might preclude summary judgment.

■ Rule 56(e) of the Federal Rules of Civil Procedure states unequivocally that in order to defeat a motion for summary judgment, the opposing party must "set forth specific facts showing that there is a genuine issue for trial." Such an issue is not created by a mere allegation in the pleadings, *Applegate v. Top Associates, Inc.,* 425 F.2d 92, 96 (2d Cir. 1970); *Korinis v. Sealand Services, Inc.,* 490 F.Supp. 418, 422 (S.D.N.Y.1980), nor by surmise or conjecture on the part of the litigants, *Nemo v. Allen,* 466 F.Supp. 192, 195 (S.D.N.Y.1979). As this Court has more recently stated in *Quinn v. Syracuse Model Neighborhood Corp.,* 613 F.2d 438, 445 (2d Cir. 1980):

> [T]he mere possibility that a factual dispute *may* exist, without more, is not sufficient to overcome a convincing presentation by the moving party. *See Gatling v. Atlantic Richfield Co.,* 577 F.2d 185, 187–188 (2d Cir. 1978), *cert. denied,* 439 U.S. 861, 99 S.Ct. 181, 58 L.Ed.2d 169 (1979). The litigant opposing summary judgment, therefore, 'may not rest upon mere conclusory allegations or denials' as a vehicle for obtaining a trial. *SEC v. Research Automation Corp.,* 585 F.2d 31,

33 (2d Cir. 1978). Rather, he must bring to the district court's attention some affirmative indication that his version of relevant events is not fanciful.

That Mr. Beane's unsupported assertions do not meet this standard must be as obvious to him as it is to us.

Potamkin's other legal defenses merit only the briefest of comments. FTC authority to require Potamkin to file the report is clearly laid under 15 U.S.C. § 46(b), which provides the Commission with the power to

> require, by general or special orders, persons, partnerships, and corporations, engaged in or whose business affects commerce, . . . to file with the Commission in such form as the Commission may prescribe annual or special, or both annual and special, reports or answers in writing to specific questions, furnishing to the Commission such information as it may require as to the organization, business, conduct, practices, management, and relation to other corporations, partnerships, and individuals of the respective persons, partnerships, and corporations filing such reports or answers in writing. Such reports and answers shall be made under oath, or otherwise, as the Commission may prescribe, and shall be filed with the Commission within such reasonable period as the Commission may prescribe, unless additional time be granted in any case by the Commission.

Since Potamkin made no effort to clarify matters with the FTC, even after the warning letter, we agree with Judge Duffy that Potamkin's claim that government information requests were confusing is "almost an insult to our entire legal system." Memorandum and Order dated February 19, 1982 at 3.

Potamkin's appeal amounts to "little more than a continued abuse of process" which raises no "colorable legal or factual basis for the relief sought." *Muigai v. INS,* 682 F.2d 334 at 337 (2d Cir. 1982). It is totally lacking in merit, framed with no relevant supporting law, conclusory in nature, and utterly unsupported by the evi-

dence. It was, we believe, "brought without the slightest chance of success," *Bankers Trust Co. v. Publicker Industries, Inc.,* 641 F.2d 1361, 1367–68 (2d Cir. 1981), an imposition on the government which is forced to defend against the appeal and on the taxpayers who must pay for that defense. Accordingly we assess double costs and $500 in attorney's fees against Potamkin and its lawyer, Philip I. Beane, jointly and severally, since attorney and client are in the best position between them to determine who caused this appeal to be taken. *See* Fed.R.App.P. 38.

The judgment below is affirmed.