101 F.3d 109
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Mary MOORE, Plaintiff-Appellant,
v.
UNITED STATES of America, and the United States Social
Security Administration, as an agency of the
United States of America, Defendants-Appellees.
 No. 95-6154.
 United States Court of Appeals, Second Circuit.
 March 25, 1996.
 
 1
 APPEARING FOR APPELLANT: Marvin Emmer, Esq., Brooklyn, NY
 
 
 2
 APPEARING FOR APPELLEES: Sarah J. Lum, Assistant United States Attorney, E.D.N.Y., Brooklyn, NY
 
 
 3
 E.D.N.Y.
 
 
 4
 AFFIRMED.
 
 
 5
 Before WALKER, JR., McLAUGHLIN and LEVAL, JJ.
 
 
 6
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was taken on submission.
 
 
 7
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the order of the district court is hereby AFFIRMED.
 
 
 8
 On July 3, 1991, Plaintiff-Appellant Mary Moore tripped and fell on the sidewalk in front of the Joseph P. Addabbo Federal Building located at One Jamaica Center Plaza, Jamaica, New York. On July 24, 1992, she commenced an action against the United States and the Social Security Administration under the Federal Tort Claims Act, seeking damages for injuries she allegedly suffered in the fall. In March 1994, Defendants-Appellees moved for summary judgment. On May 5, 1995, the district court granted that motion.
 
 
 9
 It is well-settled that in ruling on a motion for summary judgment, a judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [non-moving party] on the evidence presented. The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant].
 
 
 10
 See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Based on the record before it, the district court did not err in granting summary judgment in favor of Defendants-Appellees. Moore's attempts to defeat the grant of summary judgment in favor of Defendants-Appellees by making allegations that have no basis in the record, must be rejected. As we have previously noted, a genuine issue of material fact is "not created by ... surmise or conjecture on the part of the litigants." United States v. Potamkin Cadillac Corp., 689 F.2d 379, 381 (2d Cir.1982) (citation omitted).
 
 
 11
 Moore's appeal borders on the frivolous. Moore failed to present to the district court any evidence that would indicate liability on the part of Defendants-Appellees, and failed to rebut the government's evidence to the contrary.
 
 
 12
 Accordingly, for substantially the reasons articulated in the memorandum and order, Moore v. United States, 92-CV-3498 (JG), we affirm the judgment of the district court.