26

**Galip VATANSEVER, Plaintiff–Appellant,**

v.

**NEW YORK CITY, N.Y.C. Department of Corrections, Captain Rocco, Correction Officer Hager, Defendants–Appellees.**

No. 05–6965–cv.

United States Court of Appeals, Second Circuit.

Oct. 11, 2006.

Galip Vatansever, pro se, New York, NY.

Stephen J. McGrath, Victoria Scalzo, City of New York, Law Department, New York, NY, for Defendant–Appellee.

Present: Hon. THOMAS J. MESKILL, Hon. SONIA SOTOMAYOR and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Plaintiff-appellant Galip Vatansever, *pro se,* appeals from a judgment of the United States District Court for the Southern District of New York (Pauley, *J.*) granting summary judgment for the defendants in Vatansever's 42 U.S.C. § 1983 action and denying his Rule 60(b) motions. We assume the parties' familiarity with the underlying facts and procedural history. We affirm for the reasons stated by the district court. Officer Hager was not served with a copy of the summons and complaint, *see* Fed.R.Civ.P. 4(m); the Department of Corrections was not a suable entity, *see* N.Y. City Charter Ch. 17 § 396;

and the City did not promote any policies that led to a deprivation of Vatansever's constitutional rights, *see Batista v. Rodriguez,* 702 F.2d 393, 397 (2d Cir.1983). Vatansever offered only his uncorroborated assertions to support his allegation that Captain Raco[1] used excessive force against him, which was belied by the medical evidence, and which is insufficient evidence to survive summary judgment. *See United States v. Potamkin Cadillac Corp.,* 689 F.2d 379, 381 (2d Cir.1982). Lastly, the district court did not abuse its discretion in denying Vatansever's Rule 60(b) motions. *See Lawrence v. Wink (In re Lawrence),* 293 F.3d 615, 623 (2d Cir.2002).

Vatansever also moves to sanction the defendants for failure to timely file their appellate brief. That motion is denied as without merit, as the defendants requested and were granted additional time within which to file their appellate brief, and complied with that adjusted timeline.

Accordingly, and for the foregoing reasons, the judgment of the district court is hereby AFFIRMED.

1. Although Vatansever referred to Captain "Rocco," the defendants identified Captain Anthony Raco as the defendant named in the complaint.