Faty ANSOUMANA, Jacques Legrand Ngouvi, Moussa Soumahoro, Mamadou Camara, Justin Obiang, Issa Diabate, Sidy Soukona, Dramane Zoungrana, Individually, and on Behalf of all Others Similarly Situated as Class Representatives, Mbia Mandodja Kd, Gilbert Megala, Carlton Aloysius Williams, Songore Ibrahim, Morro Sanneh, Shabani Salum, Fobe Kaba Sakho, Ruseba Ndomoka, Bassirou Ndiaye, Manani Moussa, Eric Manirakiza, Masudi Hassan Maftah, Abdoulaye Kpegouni, Zongo Issaka Koudaogo, Alhagie Jallow, Omar Ibrahim, Abdoulaye Hamani Moussa Doumbia, Abdou Diop, Dramane Diabate, Mamady Cisse, Keba Cisse, Ablodevi Dogbo, Massamou Sacko, Omari Kagombe, Omar Cheick, Plaintiffs–Appellees,

v.

GRISTEDES OPERATING CORP., Defendant–Appellant,

Duane Reade Inc., Great Atlantic & Pacific Tea Company, Inc., and Shopwell, Inc., Defendants–Cross–Claimants,

Charlie Bauer, Great American Delivery Co., Inc. Charles Sbaur, and John Catismatidis, Defendants,

Scott Weinstein, individually, and, doing business as Hudson Delivery Service, Inc., Steven Pilavin, individually, and, doing business as Hudson Delivery Service, Inc., and Chelsea Trucking, Inc., also known as Hudson York, Defendants–Counter–Defendants,

Barry Abdoul, Michael Asante, Zecalo A. Bale, Omar Ceesay, Mamut Choi, Saliou Cisse, Serigue Guege, Kamara Ismaila, Amadou Keita, Mamudou Lowe, Ibrahima Ndiaye, Mohamed Sangare, Ahmet Sarr, Mallick Seck, Joseph Kiendrebeo, Ousmane Traore, and Modou Diop, Claimants.

No. 06–2859–cv.

United States Court of Appeals, Second Circuit.

July 12, 2007.

Kevin J. Nash, Finkel Goldstein Rosenbloom & Nash, LLP, New York, NY, for Appellant.

Linda A. Neilan (Adam T. Klein, ReNika C. Moore, of counsel), Outten & Golden LLP, New York, NY; Catherine K. Ruckelshaus, National Employment Law Project, New York, NY, (of counsel), for Appellees.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. ROBERT D. SACK, Circuit Judges and Hon. DONALD C. POGUE,* Judge.

## SUMMARY ORDER

On May 3, 2007, we issued a Summary Order denying the appeal of the appellant, Gristedes Operating Corp. ("Gristedes"). The appellees thereafter moved for sanctions pursuant to Fed. R.App. P. 38 in the amount equal to their attorney's fees, $41,067.00, plus double their costs of $687.73. We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under Rule 38, we may "award just damages and single or double costs to the appellee" upon a finding that an appeal is "frivolous." Fed. R.App. P. 38. "Sanctions may be imposed when one party proceeds with an argument 'totally lacking in merit, framed with no relevant supporting law, conclusory in nature, and utterly unsupported by the evidence.'" *In re Drexel Burnham Lambert Group, Inc.*, 995 F.2d 1138, 1147 (2d Cir.1993) (quoting *United States v. Potamkin Cadillac Corp.*, 689 F.2d 379, 381–82 (2d Cir.1982)).

Here, in its briefing on the merits, Gristedes conceded both that it is the qualified settlement fund that is the party responsible for the tax payments here at issue and that nothing in the settlement agreement affirmatively grants it the authority to police the fund's compliance with its taxpayer obligations. **Blue 11–12.** It did not attempt to identify sufficient authority to serve as a reasonable basis for its purported fear of future liability for unpaid taxes under 26 U.S.C. § 6672, which imposes liability only upon "willful" non-payers. And Gristedes makes only conclusory assertions regarding why, even assuming it was entitled to the tax information it now seeks, the voluminous documents provided by the plaintiffs were insufficient. These considerations, combined with the fact that Gristedes first made its tax-related claims to justify its delay in providing the final settlement fund installment, at minimum give rise to an inference of bad faith. *See In re 60 E. 80th St. Equities, Inc.*, 218 F.3d 109, 116 (2d Cir.2000) (noting that bad faith may be inferred where an action "is completely without merit"); *see id.* at 119(indicating that some circuits, and some cases within our circuit, have required a showing of bad faith in awarding Rule 38 sanctions).

We therefore conclude that Rule 38 sanctions are appropriate here. Having compared Gristedes's conduct in this appeal with the conduct of other appellants in instances in which we have awarded such sanctions, however, we conclude further that $5,000 in attorney's fees plus double costs constitute an appropriate penalty.

For the foregoing reasons, the motion of the appellees is hereby GRANTED, and

* The Honorable Donald C. Pogue, of the United States Court of International Trade, sitting by designation.

Gristedes is hereby ORDERED to pay appellees fees and costs in the total amount of $6,375.46.