09-2858-cv
Erchonia Corp. v. Bissoon,

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of May, two thousand eleven,

Present:      RALPH K. WINTER,
              ROSEMARY S. POOLER,
              PETER W. HALL,
                        *Circuit Judges.*

_____

ERCHONIA CORPORATION f/k/a THERAPY PRODUCTS, INC.,

                        *Plaintiff-Appellant*,

              -v-                                        09-2858-cv

M.D. LIONEL BISSOON d/b/a MESOTHERAPIE & ESTETIK, MERIDIAN AMERICA MEDICALS, INC., MERIDIAN MEDICAL INC., MERIDIAN CO., LTD.,

                        *Defendant-Appellees*.

_____

Attorneys for Appellant:      Rory J. Radding, Craig B. Whitney, Morrison & Foerster LLP, New York, NY.

Attorneys for Appellees:      Anthony L. Fletcher, Kristen McCallion, Fish & Richardson P.C., New York, NY.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Appellees' motion for sanctions is **DENIED**.

Appellees move this Court for sanctions pursuant to Federal Rule of Appellate Procedure 38 arguing principally that Appellant's appeal was frivolous for the same reasons the underlying lawsuit was frivolous—"Erchonia had . . . virtually no physical evidence of its purported use of 'lipolaser' as a trademark."

A court of appeals has significant discretion in determining whether an appeal was so frivolous as to warrant sanctions. We have held that sanctions under Federal Rule of Appellate Procedure 38 may be imposed when one party proceeds with an argument "'totally lacking in merit, framed with no relevant supporting law, conclusory in nature, and utterly unsupported by the evidence.'" *United States v. Potamkin Cadillac Corp.*, 689 F.2d 379, 381 (2d Cir. 1982). We have also held that in cases where there is a "clear showing of bad faith," Rule 38 sanctions may issue. *See In re 60 E. 80th St. Equities, Inc.*, 218 F.3d 109, 119 (2d Cir. 2000).

In the context of sanctions issued under Federal Rule of Civil Procedure 11, which governs sanctions issued by the district court, we have held that "[t]he fact that a legal theory is a long-shot does not necessarily mean it is sanctionable." *Fishoff v. Coty Inc.*, 634 F.3d 647, 654 (2d Cir. 2011). That principle is instructive here. Although we found Appellant's claims to be meritless, they were not entirely baseless. Among other things, Appellant directed us to registered marks that were somewhat similar to the "lipolaser" mark it sought to protect. These included, for example, "lipojection" for "medical services providing injections to dissolve fat." Appellant also pointed us to evidence that it had used the "lipolaser" mark over a period of 10 years, and although we concluded that the district court did not err in granting judgment to Appellees on the ground that the evidence of use demonstrated, at most, sporadic and inconsistent use over that period, Appellant's arguments in support of its use were not so outrageous as to warrant sanctions.

Further, we note that Appellees have effectively asked this Court to sanction Appellant on the ground that the initial action filed was frivolous. That is, in large part, Appellees' motion for sanctions is based upon the fact that "[t]he District Court already found bad faith," and "the baselessness of Erchonia's claims has been plain from the start." However, that an action may have been frivolous when initially filed, does not automatically mean that an appeal from a dismissal of that action will be frivolous. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 407 (1990) (Federal Rule of Civil Procedure 11 and Federal Rule of Appellate Procedure 38 "are better read together as allowing expenses incurred on appeal to be shifted onto appellants only when those expenses are caused by a frivolous appeal, and not merely because a Rule 11 sanction upheld on appeal can ultimately be traced to a baseless filing in district court.").

Finally, Appellees ask us to infer bad faith on the part of Appellant's filing based in part on facts well-beyond the scope of this case and beyond the record before us. In particular, Appellees reference a Texas lawsuit that Appelles' allege Erchonia was "reckless" in pursuing. Appellees also reference a separate appeal in this Circuit (No. 10-3245), which was taken from the district court's award of fees in the underlying case. Appellees argue that the fact that the separate appeal was dismissed as time-barred indicates that the current appeal before us (No. 09-2858) was undertaken in bad faith. However, we note that the fact that a party may have filed one time-barred appeal is not necessarily probative of bad faith in a separate appeal, especially where, as here, the case before us (09-2858) was filed *before* the time-barred appeal (10-3245),

the two appeals were never consolidated, and this Court issued no sanctions in connection with the time-barred appeal.

We have considered Appellees' remaining arguments in support of sanctions and find them to be without merit. For the foregoing reasons, Appellees' motion for sanctions under Federal Rule of Appellate Procedure 38 is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk