*Safeco Insurance Co. v. M.E.S., Inc.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of October, two thousand nineteen.

PRESENT: BARRINGTON D. PARKER,
      RAYMOND J. LOHIER, JR.,
      RICHARD J. SULLIVAN,
        *Circuit Judges*.

------------------------------------------------------------------

SAFECO INSURANCE COMPANY
OF AMERICA,

     *Plaintiff-Counter-Defendant-Appellee*,

    v.              No. 18-2672-cv

M.E.S., INC., M.C.E.S., INC., GEORGE
MAKHOUL,

     *Defendants-Counter-Claimants-Appellants*.[*]

------------------------------------------------------------------

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

FOR APPELLANTS:                  MICHAEL CONFUSIONE,
Hegge & Confusione, LLC,
Mullica Hill, NJ.

FOR APPELLEE:                  VIVIAN KATSANTONIS,
Watt Tieder Hoffar &
Fitzgerald, LLP, McLean, VA.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Pamela K. Chen, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

M.E.S., Inc., M.C.E.S., Inc., and George Makhoul (collectively, "MES") appeal from a judgment of the district court (Chen, *J.*) awarding Safeco Insurance Company of America ("Safeco") $13,887,076.64 in damages under two Indemnity Agreements. On appeal, MES argues that the district court (1) clearly erred in awarding Safeco $3,376,387.02 for construction completion damages; and (2) clearly erred and abused its discretion in awarding Safeco $5,570,500.62 in legal costs and fees. Because MES is unable to establish that the court erred – let alone clearly erred – in calculating the amount of damages awarded to Safeco, we affirm.

2

We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

## I.

MES contends that the construction completion costs awarded by the district court "were not 'reasonable in amount' as required by New York indemnity law," and that the court committed "clear error by disregarding the evidence presented" by MES. Appellant's Opening Br. at 9.

"The question of 'the amount of recoverable damages is a question of fact'" that we review for clear error. *Bessemer Tr. Co., N.A. v. Branin*, 618 F.3d 76, 85 (2d Cir. 2010) (quoting *Lucente v. IBM Corp.*, 310 F.3d 243, 261 (2d Cir. 2002)). In performing a clear error analysis, "[w]e will not upset a factual finding unless we are left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *White v. White Rose Food*, 237 F.3d 174, 178 (2d Cir. 2001)).

"New York courts have held that pursuant to an indemnity agreement . . . 'the surety is entitled to indemnification upon proof of payment, unless payment was . . . unreasonable in amount . . . .'" *Lee v. T.F. DeMilo Corp.*, 29

A.D.3d 867, 868 (N.Y. App. Div. 2006) (quoting *Frontier Ins. Co. v. Renewal Arts Contracting Corp.*, 12 A.D.3d 891, 892 (N.Y. App. Div. 2004)).

MES repeatedly asserts that "[t]he only evidence that was presented" regarding the reasonableness of construction completion costs "came from . . . MES' principal, Mr. Makhoul." *E.g.*, Appellant's Opening Br. at 15, 18. It charges that Makhoul's testimony – which consisted of audits detailing MES's costs and statements by MES informing Safeco of its belief that the replacement construction company's costs were exorbitant and its profit margin too high – demonstrates that the fees Safeco paid to complete two of the construction projects were "exorbitant." *Id.* at 14. We disagree.

First, the district court appropriately determined that MES failed to present competent evidence to establish that Safeco's expenditures were unreasonable. *Safeco Ins. Co. of Am. v. M.E.S., Inc.*, No. 09-cv-3312, 2018 WL 2766139, at *21 (E.D.N.Y. June 8, 2018). Instead, the court found MES to have relied upon pure speculation, including Makhoul's unsubstantiated, conclusory assertions regarding the reasonableness of Safeco's expenditures. *Id.*

Second, MES is incorrect that Safeco presented no evidence to establish the

4

reasonableness of its expenditures. Safeco proffered multiple sworn itemized statements of loss. Under the terms of the Indemnity Agreements, these, by themselves, constitute prima facie evidence establishing MES's liability. In addition, the court heard testimony at the quantum hearing from Safeco's claim representative, John O'Donnell, regarding the reasonableness of Safeco's itemized expenditures. MES, by relying on speculative and conclusory assertions, failed to rebut this prima facie evidence or raise a triable issue of fact as to the reasonableness of Safeco's expenditures.

Accordingly, MES fails to establish that the district court clearly erred in calculating the amount of construction completion damages to award Safeco. We affirm the district court's award to Safeco of $3,376,387.02 in construction completion damages.

## II.

MES next maintains that the district court's legal costs and fees award was clear error and an abuse of discretion because the court disregarded MES's objections to the reasonableness of Safeco's fees and refused to credit the testimony of MES's experts.

"Our review of an award of attorneys' fees is highly deferential to the district court and we will reverse such an award only for an abuse of discretion." *Townsend v. Benjamin Enters., Inc.*, 679 F.3d 41, 58 (2d Cir. 2012) (internal quotation marks and citation omitted). "Where a district court has awarded attorneys' fees under a valid contractual authorization, we recognize that it has broad discretion in doing so . . . ." *U.S. Fid. & Guar. Co. v. Braspetro Oil Servs. Co.*, 369 F.3d 34, 74 (2d Cir. 2004).

The party seeking reimbursement of attorneys' fees "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The party "must document the application with contemporaneous time records . . . specify[ing], for each attorney [and legal assistant], the date, the hours expended, and the nature of the work done." *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983).

"[T]he lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case – creates a 'presumptively reasonable fee.'" *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill*

6

*Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 193 (2d Cir. 2008)). The district court must then adjust the lodestar amount – "determining what a reasonable, paying client would be willing to pay" – "based on case-specific considerations." *Arbor Hill*, 522 F.3d at 184, 186.

"We do not require that the court set forth item-by-item findings concerning what may be countless objections to individual billing items." *Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994). Though vague descriptions of work and block billing may impede a district court's ability to meaningfully assess the reasonableness of hours spent and costs incurred, thereby justifying an across-the-board reduction, these billing practices are "permissible so long as the records allow the court to conduct" that meaningful review. *Restivo v. Hessemann*, 846 F.3d 547, 591 (2d Cir. 2017).

Here, the district court determined that "the [Indemnity] Agreements plainly entitle[d] Safeco to reasonable attorneys' fees, including those incurred in enforcing the Agreements," resulting from Safeco's issuance of the payment surety bonds to MES. *Safeco Ins. Co.*, 2018 WL 2766139, at *8. Furthermore, the court found that "[u]nder the terms of the Agreements, Safeco's itemized statements of

7

loss me[t] its prima facie burden of establishing its entitlement to attorneys' fees and costs." *Id.* at *9. The court held a two-day quantum hearing to determine the amount of attorneys' fees Safeco was entitled to recover and issued a comprehensive memorandum and order justifying its award to Safeco of $5,570,500.62.

MES attacks the district court's award of legal costs to Safeco, but each of MES's claims suffers from the same fatal defect. None of the supposed billing deficiencies prevented the court from meaningfully assessing the reasonableness of the fees and hours Safeco's counsel billed. The court "reject[ed] the defense experts' conclusions that a fee reduction [was] warranted based on . . . allegedly deficient billing practices . . . , such as vague entries, billing for simple clerical tasks, general overstaffing, duplicative billing, and block-billing, or on Safeco's alleged failure to contain its litigation expenses." *Id.* at *13. The court also explained that "[t]o the extent Safeco's counsel's fee records were not perfectly maintained, the Court does not find that the deficient entries were excessive or that they impair[ed] the Court's ability to assess the reasonableness of the fees and hours billed by Safeco's counsel, especially given the Court's extensive familiarity

8

with the indemnity litigation." *Id.*

Although MES relies extensively on the testimony of Defendants' expert witnesses, Tasher and Johnson, the district court explicitly rejected and discredited that testimony. MES essentially asks the Court to reassess the experts' credibility and to analyze the evidence *de novo*, rejecting the district court's factual findings in favor of MES's contrary interpretation of the evidence. However, MES's mere disagreement with the district court's credibility determinations and factual findings provides no basis for this Court to disturb the district court's decision. *See Diesel Props S.r.l. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 52 (2d Cir. 2011).

Accordingly, MES fails to demonstrate that the district court clearly erred or abused its discretion, and therefore we affirm the district court's award to Safeco of $5,570,500.62 in legal costs and fees damages.

## III.

We have considered MES's remaining contentions and conclude that they are without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED.

9

Safeco's motion for monetary sanctions – "specifically attorneys' fees and double costs incurred in defense of this . . . appeal," Doc. No. 88 at 1 – is DENIED. Though we affirm the district court, which properly noted that "Defendants' contumacious refusal to object lawful court orders" and "history of re-litigating every issue in this case" "ratchet[ed] up the fees that were necessarily incurred" in the litigation, *Safeco Ins. Co.*, 2018 WL 2766139, at *15, *22, we do not conclude that MES's appeal "is totally lacking in merit, framed with no relevant supporting law, conclusory in nature, and utterly unsupported by the evidence." *United States v. Potamkin Cadillac Corp.*, 689 F.2d 379, 381 (2d Cir. 1982).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court