No. 24-2155
*Balestriere Fariello v. Gimlet Media, Inc.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of October, two thousand twenty-five.

PRESENT:
> MYRNA PÉREZ,
> SARAH A. L. MERRIAM
> *Circuit Judges*.[*]

---

BALESTRIERE FARIELLO,
> *Plaintiff-Appellant*,

REPLY ALL CORP.,
> *Plaintiff*,
>
> v.                                                          No. 24-2155

GIMLET MEDIA, INC.,
> *Defendant-Appellee.*

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | JOHN G. BALESTRIERE, Balestriere Fariello, New York, NY |
| **FOR DEFENDANT-APPELLEE:** | JOHN L. STRAND, (John L. Welch, *on the brief*), Wolf, Greenfield & Sacks, Boston, MA. |

---

[*] Judge Alison J. Nathan, who was originally assigned to the panel, is unable to participate in consideration of this matter. Pursuant to this Court's Internal Operating Procedures, the appeal has accordingly been heard and decided by the remaining two judges of the panel. *See* 2d Cir. IOP E(b).

Appeal from an order of the United States District Court for the Eastern District of New York (Kuntz, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court is **AFFIRMED**.

Appellant Balestriere Fariello[1] appeals the District Court's order awarding attorney fees[2] to Defendant-Appellee and holding Balestriere Fariello jointly and severally liable for a portion of the fee award. We assume the parties' familiarity with the facts, procedural history, and issues on appeal, and we recount only as necessary to explain our decision to affirm.

## I.    Background

Plaintiff Reply All Corp. ("ReplyAll") filed a trademark lawsuit under the Lanham Act, 15 U.S.C. § 1051, *et seq*, against Defendant-Appellee Gimlet Media, Inc. ("Gimlet") in August of 2015.[3] The focus of ReplyAll's lawsuit was a podcast produced by Gimlet named "Reply All." ReplyAll alleged that the podcast's name and logo were confusingly similar to its own and brought claims for trademark infringement, false designation of origin, and reverse confusion.[4] After the District Court granted summary judgment for Gimlet on all claims, this Court affirmed that decision by summary order. *See Reply All Corp. v. Gimlet Media, LLC*, 843 F. App'x 392 (2d Cir. 2021) (summary order).

---

[1]    Balestriere Fariello is a law firm that represented Plaintiff Reply All Corp. ("ReplyAll") in the District Court and now appeals the District Court's order awarding attorney fees to Defendant-Appellee Gimlet Media, Inc. ("Gimlet"). ReplyAll is not a party to this appeal. Accordingly, we refer to Balestriere Fariello as Appellant.

[2]    We use the term "attorney fees" because that is the term used by 15 U.S.C. § 1117, one of the statutes under which fees were awarded in this case. *See NAACP v. Town of East Haven*, 259 F.3d 113, 114 n.1 (2d Cir. 2001). We note that 28 U.S.C. § 1927, also at issue here, uses the term "attorneys' fees." For simplicity, we only use the term "attorney fees."

[3]    Balestriere Fariello entered its appearance as ReplyAll's counsel in mid-2017.

[4]    ReplyAll's reverse confusion claim did not appear in its original complaint filed by previous counsel but was added when ReplyAll filed an amended complaint in July 2017.

Defendant-Appellee moved for attorney fees pursuant to 15 U.S.C. § 1117 and 28 U.S.C. § 1927. Section 1117 provides that a court "in exceptional cases may award reasonable attorney fees to the prevailing party" in a case brought under the Lanham Act. 15 U.S.C. § 1117(a). Section 1927 allows a court, in certain circumstances, to require an attorney to personally satisfy the excess costs and fees caused by their conduct. *See* 28 U.S.C. § 1927. Together, these provisions allow a court to impose fees on the losing party in a trademark case, and to hold their attorney liable for all or some portion of it.

The District Court granted ReplyAll's fees motion in its entirety and referred the case to a magistrate judge to calculate a reasonable fee award. The Magistrate Judge awarded Defendant-Appellee a total attorney fee award of $1,071,981. The Magistrate Judge also concluded that ReplyAll was solely responsible for $168,944.21, and that ReplyAll and Balestriere Fariello were jointly and severally liable for the remaining $903,036.79. Balestriere Fariello filed an objection to the Magistrate Judge's decision, and the District Court affirmed and adopted the decision in its entirety. The District Court denied Balestriere Fariello's motion for reconsideration and this appeal followed.

## II.     Standard of Review

We review the District Court's order for abuse of discretion. *See Sleepy's LLC v. Select Comfort Wholesale Corp.*, 909 F.3d 519, 528 (2d Cir. 2018) (applying abuse of discretion standard to review the district court's decision to award fees under § 1117); *Kim v. Kimm*, 884 F.3d 98, 106 (2d Cir. 2018) (same for the decision to hold an attorney liable for fees under § 1927); *Getty Petroleum Corp. v. Bartco Petroleum Corp.*, 858 F.2d 103, 114 (2d Cir. 1988) (same for the decision to impose joint and several liability for attorney fees).

3

### III. <u>Discussion</u>

#### A. Award of Fees Under 15 U.S.C. § 1117

The District Court did not abuse its discretion by awarding attorney fees to Gimlet pursuant to 15 U.S.C. § 1117.

Under Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), "a court 'may award reasonable attorney's fees to the prevailing party' in 'exceptional cases.'" *Sleepy's*, 909 F.3d at 530 (quoting 15 U.S.C. § 1117(a)). "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014).

We have instructed district courts to "evaluate the totality of the circumstances, considering a wide variety of factors, including 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Sleepy's*, 909 F.3d at 530 (quoting *Octane Fitness*, 572 U.S. at 554 n.6). Whether a case is exceptional for purposes of § 1117 is resolved "in the case-by-case exercise of [the district court's] discretion." *Octane Fitness*, 572 U.S. at 554.

The District Court correctly applied the *Octane Fitness* standard and did not abuse its discretion in concluding that this is an exceptional case and awarding attorney fees under § 1117.

First, the decisive summary judgment ruling supports the District Court's conclusion that ReplyAll's position was objectively unreasonable. In our *de novo* review of the District Court's summary judgment ruling, this Court concluded that *none* of the eight factors used to evaluate trademark infringement claims favored ReplyAll. *Reply All*, 843 F. App'x at 395–400. ReplyAll offered only "scant anecdotal evidence" that Gimlet's allegedly infringing mark caused any actual consumer confusion, and it could not establish that the two parties' products had any meaningful

4

competitive proximity. *Id.* at 396–98; *see also Reply All Corp. v. Gimlet Media, Inc.*, No. 15-CV-4950(WFK), 2020 WL 13536220, at \*5 (E.D.N.Y. Feb. 12, 2020) ("There is significant competitive distance between Plaintiff's software and the production and monetization of Defendant's podcast business."). Ultimately, we ruled that "no reasonable jury could conclude that [ReplyAll's] customers are likely to be confused by Gimlet's use of its 'REPLY ALL' mark." *Reply All*, 843 F. App'x at 400.

Second, the record supports the District Court's conclusion that ReplyAll negotiated "in bad faith with the sole aim of extracting a settlement." *Reply All Corp. v. Gimlet Media, Inc.*, No. 15-CV-4950(WFK), 2021 WL 1291103, at \*2 (E.D.N.Y. Apr. 5, 2021). Our "highly deferential" review of the District Court's finding of bad faith under § 1117 is informed by its "inherent institutional advantages in this area." *Merck Eprova AG v. Gnosis S.p.A.*, 760 F.3d 247, 265 (2d Cir. 2014).

The District Court's finding of bad faith under § 1117 was principally based on ReplyAll's reliance on "baseless damages theories." *Reply All*, 2021 WL 1291103, at \*2. For one, ReplyAll did not adduce any evidence that might establish Gimlet's deceptive intent as required by both theories of damages it advanced (disgorgement and reasonable royalties). *See Reply All*, 843 F. App'x at 398 (finding "Gimlet's good faith in adopting its mark").[5] Further, ReplyAll offered a series of unsubstantiated damages estimates ranging from $4 to $60 million, despite also "at one point offer[ing] to license their trademark for $1.00 per year," *Reply All*, 2021 WL 1291103, at \*3.

These facts, coupled with the fatal flaws in ReplyAll's position on the merits, are more than adequate to support the District Court's finding.

---

[5] On appeal, Appellant cites its allegation in a 2018 amended complaint that Appellee was engaged in "willful infringement," J. App'x at 196, but this does not contradict the District Court's finding that "there was no indicia of bad faith or deceptive intent at any time before or during litigation," *Reply All Corp. v. Gimlet Media, Inc.*, No. 15-CV-4950(WFK), 2021 WL 1291103, at \*3 (E.D.N.Y. Apr. 5, 2021).

## B. Imposition of Liability for Fees Against Appellant under § 1927

The District Court did not abuse its discretion by imposing liability for attorney fees against Appellant as ReplyAll's counsel pursuant to 28 U.S.C. § 1927.

Under 28 U.S.C. § 1927, courts may require an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 55 (2d Cir. 2018) (quoting 28 U.S.C. § 1927 (internal quotation marks omitted and alterations adopted)). We have said that "[t]he purpose of [§ 1927] is 'to deter unnecessary delays in litigation.'" *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 948 F.2d 1338, 1345 (2d Cir. 1991) (quoting H.R. Conf. Rep. No. 1234, 96th Cong., 2d Sess. 8)). The provision "'imposes an obligation on attorneys throughout the entire litigation to avoid dilatory tactics' and provides courts with a cudgel to use, in their discretion, 'to deter unnecessary delays in litigation.'" *Huebner*, 897 F.3d at 55 (quoting *Int'l Bhd. of Teamsters*, 948 F.2d at 1345)).

"To impose sanctions under [§ 1927], 'a court must find clear evidence that (1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith— that is, motivated by improper purposes such as harassment or delay.'" *Kim*, 884 F.3d at 106 (quoting *Eisemann v. Greene*, 204 F.3d 393, 396 (2d Cir. 2000)). A court "may infer bad faith when a party undertakes frivolous actions that are 'completely without merit.'" *Huebner*, 897 F.3d at 55 (quoting *In re 60 E. 80th St. Equities, Inc.*, 218 F.3d 109, 116 (2d Cir. 2000)).

"[A]lthough we are mindful that 'the decision to impose sanctions is uniquely within the province of a district court, we nevertheless need to ensure that any such decision is made with restraint and discretion.'" *Eisemann*, 204 F.3d at 396 (quoting *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 334 (2d Cir. 1999)). Accordingly, the "factual findings of bad faith"

6

required by § 1927 must be "characterized by a high degree of specificity." *Schlaifer*, 194 F.3d at 338 (quoting *Milltex Indus. Corp. v. Jacquard Lace Co.*, 55 F.3d 34, 38 (2d Cir. 1995)).

Here, the District Court made an explicit finding of bad faith. *Reply All Corp.*, 2021 WL 1291103, at *4. This finding was based primarily on three conclusions: 1) Appellant brought "objectively unreasonable and frivolous claims"; 2) Appellant "attempt[ed] to extort a nuisance settlement from Defendant by advancing unsubstantiated and legally incognizable damages theories"; 3) Appellant "multiplied the proceedings and forced Gimlet to expend significant resources" litigating this case over the course of several years.[6] *Id.* Ultimately, the District Court found that Appellant "knew of their claim's futility yet continued to impose costs on Defendant under increasingly fanciful legal theories." *Id.* These conclusions are sufficiently specific to support the District Court's finding of bad faith.[7]

### C. Apportioning of Fees Between Appellant and Reply All

The District Court did not abuse its discretion by holding Appellant and ReplyAll jointly and severally liable for the fee award.

An attorney, "where not misled by the client, may properly be jointly and severally liable for the judgment against the client." *Calloway v. Marvel Ent. Grp.*, 854 F.2d 1452, 1477 (2d Cir. 1988). "How sanctions are to be structured . . . is largely a matter for the district court's discretion." *Id.* "[A]lthough apportionment may in some cases be a more equitable resolution, there is no rule in this circuit that requires it whenever possible." *Koster v. Perales*, 903 F.2d 131,

---

[6] The District Court identified a set of specific instances in which ReplyAll's persistence in this litigation "multiplied the proceedings and forced [Appellee] to expend significant resources, for example, by: hiring its own damages experts to rebut Plaintiff's baseless claims, filing two summary judgment motions regarding damages, filing a *Daubert* motion to preclude the testimony of Plaintiff's expert relating to the reasonable royalties, and filing a motion in *limine* to exclude damage contentions and related evidence not disclosed during discovery or the Pretrial Order." *Reply All*, 2021 WL 1291103, at *4 (internal citations omitted).

[7] For the same reasons we conclude that the District Court did not err in finding ReplyAll's position objectively unreasonable, we also conclude that ReplyAll's claims were "entirely without color." *Kim*, 884 F.3d at 106.

139 (2d Cir. 1990), *abrogated on other grounds by*, *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598 (2001). And where it is difficult to establish the relative degree of culpability due to the "interrelationship and overlap" between the actions of the two parties, we have accorded wide latitude to the district court to decide whether joint and several liability for fee awards is appropriate. *Id.* at 138–39.

The District Court reasonably concluded that it could not feasibly "determine the respective degrees of culpability of Plaintiff and [Appellant] for Defendant's fees incurred during [Appellant's] representation of Plaintiff." *Reply All Corp. v. Gimlet Media, Inc.*, No. 15-CV-4950(WFK), 2024 WL 3855907, at *3 (E.D.N.Y. May 23, 2024) (internal quotation marks omitted). Appellant was not found liable for fees accumulated before it represented ReplyAll. Rightly so. But it was within the District Court's discretion—indeed, it was the "prudent course"—to hold the two parties jointly and severally liable for the fees accrued while Appellant was counsel. *Gallop v. Cheney*, 642 F.3d 364, 370 n.3 (2d Cir. 2011) (quoting *United States v. Potamkin Cadillac Corp.*, 689 F.2d 379, 382 (2d Cir. 1982)).

### D. Decision Not to Hold an Evidentiary Hearing or Oral Argument

The District Court did not err by declining to hold oral argument or an evidentiary hearing before reaching the foregoing fee determinations. When deciding a sanctions motion, "a full evidentiary hearing is not required; the opportunity to respond by brief *or* oral argument may suffice." *In re 60 East 80th Street Equities, Inc.*, 218 F.3d at 117 (emphasis added). Where, as here, a party was not "denied the right to be heard and or the opportunity to present [its] case in a meaningful way," there is no abuse of discretion in declining to grant argument. *Greene v. WCI Holdings Corp.*, 136 F.3d 313, 316 (2d Cir. 1998).

Likewise, a court need not conduct an evidentiary hearing "when there is no disputed question of fact or when sanctions are based entirely on an established record." *Schlaifer*, 194

F.3d at 335. Even where "further fact-finding" may be "necessary," we have characterized an evidentiary hearing as only "desirable." *J.C. v. Zimmerman*, 150 F.4th 136, 149–50 (2d Cir. 2025). Appellant does not point to any factual development it was prevented from pursuing. In its brief, Appellant asserts that it "presented evidence that a hearing was necessary to address factual disputes (A-447)." Appellant's Br. at 43. But the citation supporting this asserted presentation of "evidence" is a quote from Appellant's brief in the District Court opposing the apportionment of fees, and simply states: "The Firm sought a hearing, writing to Magistrate Kuo on September 29, 2021 that the 'Firm is available to appear for an evidentiary hearing to address any remaining factual disputes.'" J. App'x at 447.

After over five years of litigation, it was well within the District Court's discretion to determine that no further factual development or argument was necessary to reach a conclusion on the existing record.

## IV. <u>Conclusion</u>

We have considered Appellant's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9